ALICE E. FLEMING, In Equity

*vs.*

WILLIAM COURTENAY, Admr.

Lincoln. Opinion March 1, 1901.

*Equity. Practice. Election of Remedy.*

It is a well-settled and familiar rule of procedure in all courts exercising general equity jurisdiction, that when a plaintiff is prosecuting an action at law and a suit in equity against a defendant at the same time for the same cause, he may be compelled by the court upon application of the defendant, to elect whether he will proceed with the action at law or the suit in equity.

The order should allow the plaintiff a reasonable time in which to make his election, and in the absence of special reasons justifying a different time, in the early chancery practice the plaintiff was uniformly required to elect within eight days after service of the order.

*Held;* that the order made, in this case, was clearly authorized by the usual chancery practice.

See *Same* v. *Same,* ante, p. 128.

Exceptions by plaintiff. Overruled.

Bill in equity under R. S., c. 87, § 19. An action at law, see p. 128, ante, was pending between the same parties. On motion of the defendant, the plaintiff was ordered to elect between the two suits. To this order the plaintiff excepted.

*O. D. Castner*, for plaintiff.

*J. E. Moore and G. B. Sawyer*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

WHITEHOUSE, J.    This case comes to the law court on the plaintiff's exceptions to an order of the presiding justice compelling her to elect whether she would proceed with this suit in equity or with an action at law, which the plaintiff was then prosecuting against this defendant in the same jurisdiction, for the same cause set forth in this bill in equity.    By the terms of the order, the plaintiff was required to make her election within eight days, and if she elected to proceed at law, or failed to make any election, her bill in equity was to be dismissed with costs.    The plaintiff took exceptions to the order and made no election.

The practice of ordering an election between an action at law and a suit in equity does not appear to have been considered in any reported case in this state, but it is a well-settled and familiar rule of procedure in all courts exercising general equity jurisdiction, that where a plaintiff is prosecuting an action at law and a suit in equity against a defendant at the same time for the same cause, he may be compelled by the court, upon application of the defendant, to elect whether he will proceed with the action at law or the suit in equity.    *Ambrose* v. *Nott*, 2 Hare, 649; *Fennings* v. *Humphrey*, 4 Beav. 1; *Rogers* v. *Vosburg*, 4 Johns. Ch. 84; *Cent. R. R. Co.* v. *N. J. West Line R. R. Co.*, 32 N. J. Eq. 67; *Sears* v. *Carrier*, 4 Allen, 339.    The practice is said to have originated in an order of Lord Bacon, in which it was declared that "double vexation is not to be admitted; but if the party sue for the same cause at common law and in chancery, he is to have a day given to make his election where he will proceed, and in default of such election, to be dismissed." 2 Dan. Ch. § 961.

The suits must be practically for the same cause and brought by the same parties, or in the same right, and must be such that a judgment or decree in one would be a bar to the other.    But the

plaintiff will not be compelled to elect unless the remedy in the suit at law is equally complete and adequate with the remedy in equity. Whitehouse Eq. Pr. § 441, and cases there cited. The order should allow the plaintiff a reasonable time in which to make his election, and in the absence of special reasons justifying a different time, in the early chancery practice, the plaintiff was uniformly required to elect within eight days after the service of the order. *Bracken* v. *Martin*, 3 Yerg. (Tenn.) 55; *Cent. R. R. Co.* v. *R. R. Co.* 32 N. J. Eq. supra; *Rogers* v. *Vosburg*, 4 Johns. Ch. 84; *Boyd* v. *Heinzelman*, Ves. & Bea. 382.

When the court cannot satisfactorily determine without an examination of all the pleadings whether the two suits are for the same cause, or whether the action at law is equally complete and adequate with the remedy in equity, it may decline to order the plaintiff to elect until after the defendant in the equity suit has filed his answer. *Dunlap* v. *Newman*, 52 Ala. 178; but when there is no controversy in relation to those matters, or the court can ascertain all the material facts from an inspection of the pleadings in the action at law and the plaintiff's bill in the suit in equity, or otherwise becomes sufficiently informed to determine those questions without reference to the defendant's answer, the plaintiff may be required to make his election at any stage of the proceedings. *Mills* v. *Fry*, 19 Ves. 277; *Freeman* v. *Staats*, 8 N. J. Eq. 814; *Connihan* v. *Thompson*, 111 Mass. 270.

In the case at bar no answer to the plaintiff's bill in equity has been filed by the defendant; but it is sufficiently clear from a comparison of the plaintiff's declaration at law with the bill in the equity suit that the two suits are for the same cause, and no reason is apparent why the remedy at law is not equally complete with that in equity. Indeed, it is expressly conceded by the counsel for the plaintiff that the two suits are for the same cause and that the action at law is an adequate remedy and even more effective than the suit in equity. It is suggested, however, in argument, that if the action at law is maintainable by the plaintiff in her representative capacity only, it would be error to compel her to elect, because the two suits would not be brought by her in the same right or

capacity. But it has been decided in the action at law, *Fleming,* Executrix, v. *Courtenay,* Adm'r, ante, p. 128, that even after an amendment to the declaration, that action is only maintainable as a suit in her personal capacity and not as executrix. In that event it is further conceded by counsel that the suit in equity "will not be necessary to the plaintiff's purpose."

The motion in writing, presented by the defendant, appears to be regular in form and sufficient in substance, and the order made in pursuance of it was undoubtedly authorized by the usual chancery practice.

*Exceptions overruled. Bill dismissed.*