## Arthur G. Loomis et al., Plaintiffs in Error, v. Federal Union Surety Company et al., Defendants in Error.

1. SERVICE OF PROCESS—*when upon foreign corporation confers jurisdiction.* Service upon the representative designated for service pursuant to statute is good as to a foreign corporation even though the transaction involved in the litigation took place outside of the state of Illinois.

2. ABATEMENT—*what not former suit pending.* An action pending in a foreign jurisdiction cannot be pleaded in abatement or in bar of an action in this state.

3. PARTIES—*when demurrer properly sustained.* If it appear that

the defendant is neither a necessary nor a proper party to the bill, a demurrer interposed by such party is properly sustained.

Error to the Circuit Court of Coles county; the Hon E. R. E. KIM-BROUGH, Judge, presiding. Heard in this court at the May term, 1910. Affirmed in part, reversed in part and remanded.    Opinion filed October 14, 1911.

JAMES VAUSE, JR., for plaintiffs in error.

HENRY A. NEAL and SAMUEL DOWDEN, for defendants in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is a bill filed by complainants against defendants for the purpose of compelling the Federal Union Surety Company to pay over to complainants certain moneys alleged to have been paid to it by the defendant, C. C. C. & St. L. Railway Company, upon a contract made between the Collier Bridge Company and the railroad company, the performance of which contract was guaranteed on the part of the bridge company by the Federal Union Surety Company. The bill was filed in Coles county. The C. C. C. & St. L. Railway Company, was the only defendant found in that county; service was had upon the Federal Union Surety Company and the Collier Bridge Company, who were foreign corporations, by summons served upon their representatives appointed under the statute requiring the designation of some persons within the state upon whom service can be made. To this bill, the defendants, the Federal Union Surety Company and the Collier Bridge Company, filed pleas in abatement denying jurisdiction of these defendants. The railroad company demurred to the bill. The pleas to the jurisdiction were held good and judgment rendered against complainants upon these pleas. After the pleas had been held good the demurrer of the defendant railroad

company to the bill was sustained and the bill dismiss-
ed, with judgment against complainants for costs, and
it is from this judgment that complainants prosecute
the writ of error to this court.

The bill filed by complainants sets forth with proper
averments the contract between the Collier Bridge
Company and the C. C. C. & St. L. Railway Company
for the construction of certain cement work upon the
right of way of the railway company in the state of
Indiana, that this contract was guaranteed by the de-
fendant, Federal Union Surety Company, that the
work required to be done by the bridge company under
this contract was sub-let by it to complainants herein,
that during the progress of the work certain payments
were made to complainants herein, but before the com-
pletion of the work the Collier Bridge Company became
financially embarrassed and was unable to perform its
contract, that thereupon an agreement was made by
complainants with the defendant railroad company and
the defendant Federal Union Surety Company by
which complainants proceeded with and finished the
work provided to be done by it and that in payment
for this work the defendant railroad company paid
the defendant surety company under agreement that
payment by it should be made the complainants; that
the surety company failed and refused to make the
payment to the complainants after the completion of
the work.

The pleas which were filed by the defendant bridge
company and the defendant surety company were to
the jurisdiction of the court of the persons of these de-
fendants and these pleas respectively allege that de-
fendants were foreign corporations, that the contract
under which the work was performed by complainants
was governed by the laws of the state of Indiana and
related to work done and performed in that state, that
no contract relating to the said transaction was made

by either of these defendants within the state of Illinois, and that for work done and contracted for outside of the state of Illinois the courts of this state could obtain no jurisdiction by service upon the legal representatives of these corporations within the state of Illinois. A demurrer was filed to these pleas and overruled.

The question raised by this appeal as to these defendants is whether or not these pleas presented a good defense to the jurisdiction and whether or not by service had the circuit court of Coles county could obtain jurisdiction of the defendants, the Federal Union Surety Company and the Collier Bridge Company; if it did, then the demurrer to these pleas should have been sustained and the defendants required to answer the bill. The cause of action against the defendant railroad company as set forth in the bill was merely one of discovery and was only for the purpose of compelling it to disclose the amounts of money paid to the Federal Union Surety Company for work performed by complainants, and as to it the only question raised is whether the bill of discovery will lie for this purpose and whether the railroad company is properly joined as a party defendant. Complainants herein were residents of Coles county. The plea to the jurisdiction filed by the Federal Union Surety Company was signed by Samuel A. Dowden, one of the solicitors of that corporation; the plea that purported to have been filed by the Collier Bridge Company is not signed by the Collier Bridge Company but is signed by the Federal Union Surety Company by Samuel A. Dowden, solicitor, and so far as the record in this case shows, there is no plea on file signed by the corporation, the Collier Bridge Company. The sufficiency of the pleas to the jurisdiction filed by the Federal Union Surety Company and the Collier Bridge Company, defendants, was heard and a judgment rendered thereon on the fif-

teenth day of the October term, 1909, of said court; on the seventeenth day of that term the demurrer was filed by the defendant railroad company to the bill; the judgment of the court on this demurrer was rendered at the January term, 1910.

Section 26 of chapter 32 of Hurd's Revised Statutes, 1908, is as follows:

"Foreign corporations, and the officers and agents thereof doing business in this state, shall be subjected to all the liabilities, restrictions and duties that are or or may be imposed upon corporations of like character organized under the general laws of this state, and shall have no other or greater powers. * * *"

Section 102d of the same chapter is as follows:

"All actions brought against any company or corporation doing business under this act, may be brought in any county where the cause of action accrued or where the plaintiff or complainant resides or in any county where the company or corporation does business, and process may be directed to any county in this state for service and return."

Section 7 of chapter 110, Hurd's Revised Statutes, 1908, is as follows:

"The courts of record of the county wherein the plaintiff or complainant *may* reside, shall have jurisdiction of all actions hereafter to be commenced by *any* individual against *any* insurance company either incorporated by any law of this state or doing business in this state. And all process issued in any cause commenced in the county where the plaintiff may reside, wherein an individual may be plaintiff or complainant and such company defendant, may be directed to any county of this state for service and return."

It must be conceded that the defendant, Federal Union Surety Company, and it is not contended otherwise, is an insurance company falling within the provisions of the statutes of this state relating to such companies. U. S. F. & G. Co. v. First Nat'l. Bank, 233 Ill. 475; People v. Rose, 174 Ill. 310.

Defendants in error ask this court to construe these sections of the statutes to mean that unless the contract was made within the state of Illinois and was to be performed in the state of Illinois, the sections of the statute above set forth do not apply, but we are unable to see any reason for or upon what theory this court can construe the statute in this way. There certainly is nothing in the statute that would indicate that any such limitations could be put upon it and where the reading of the statute is plain and the language unambiguous then it is unnecessary for a court to construe it; but the court is required to follow the statute and enforce it as it is written. People v. Rose, 174 Ill. 310, *supra.*

The contract executed by and between the Collier Bridge Company and complainants contains the recitation that the complainants herein are residents of Coles county where this action was brought, and unless a contrary showing is made to appear, the presumption prevails that complainants are residents of the county wherein the suit was brought, and to construe the statute as insisted upon by defendants, Collier Bridge Company and Federal Union Surety Company, would be to compel residents of this state to go to a foreign jurisdiction in order to litigate the matters herein involved. The section of the statute which requires the appointment of a legal representative of the defendant companies in the state of Illinois does not use any language which will bear the construction attempted to be placed upon the statute by the defendant corporations, and it is very evident that the legislature did not so intend it. These defendants are authorized to do business in the state of Illinois and their appearance here for that purpose does not limit them as to the nature of the business they shall perform in relation to their operations, and it must be held that by reason of the license granting them permission to do business within the

state, they did, for all purposes for which they entered the state, become citizens thereof and that must be held to include the right to sue or to be sued.    It was the evident purpose of the legislature in making these provisions relating to foreign corporations that they should be brought within the jurisdiction of the courts of the state of Illinois to the same extent and for the same purposes as corporations which were resident in the state.    People v. Van Cleave, 187 Ill. 125; St. Joseph Railroad Company v. Crane, 102 Ill. 249.

The pleas in abatement also set forth and allege that a former suit was begun and was still pending in Putnam county, Indiana, for the same identical cause of action as set forth in the bill of complaint herein, and the defendants insist that this is ground for the abatement of this action.    The courts of this state have not held that action pending in a foreign jurisdiction can be pleaded in abatement or in bar of action in this state.    While it is true that as between courts of the same state which have concurrent jurisdiction, the one first obtaining jurisdiction will retain it and in another action begun in the courts of that state the former action may be pleaded in abatement, the doctrine does not go to the extent that a suit pending in a foreign jurisdiction may be pleaded in abatement in a court of another state.    A party is permitted to pursue his remedy in both jurisdictions but is entitled to but one satisfaction.    L. Ins. Co. v. Corbett, 165 Ill. 592; McJilton v. Love, 13 Ill. 486.

The pleas in abatement to the jurisdiction of the Circuit Court of Coles county were insufficient and the court erred in holding them sufficient.

Upon the question raised as to the sustaining of the demurrer filed by the defendant railroad company, as far as the bill relates to the railroad company, it was purely one of discovery and contains no prayer for relief as against the railroad company and was for the purpose of ascertaining the amount of money paid by

it to the defendant surety company, and for the purpose of compelling it to disclose this it was joined as a party defendant with the Federal Union Surety Company and the Collier Bridge Company. All the information sought to be obtained could and might have been obtained from it by the examination of the officers of the defendant company on the witness stand upon the hearing of the cause between the other defendants and it was wholly unnecessary that the defendant railroad company should have been a party to this action, and not being either a necessary party or a proper party the demurrer as to it was properly sustained.

Upon the point raised that the plea filed by the defendant Collier Bridge Company was not signed by it, and that a reversal of this judgment is necessary for that reason, it must be conceded while it was probably an oversight on the part of the defendant Collier Bridge Company it nevertheless leaves the record in this case with a plea to the jurisdiction held sufficient without such plea having been filed, but in the consideration of this case we have considered it and determined it upon the theory that the plea was properly filed, as the plea which the record contains is identical in all particulars with the plea filed by the defendant surety company and what has been said in reference to that applies to both pleas.

The action of the court in sustaining the demurrer of the defendant railroad company is affirmed, but for the reasons indicated the judgment holding the plea sufficient and quashing the writ against the Federal Union Surety Company and the Collier Bridge Company is reversed and the cause remanded.

*Affirmed in part, reversed in part and remanded.*