Erikson v. Ward, 185 Ill. App. 269.

## Oscar Erikson, Appellee, v. James R. Ward, Appellant.

### Gen. No. 18,783.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914. *Certiorari* granted by Supreme Court.

### Statement of the Case.

Action by Oscar Erikson against James R. Ward to recover a sum claimed to be due from defendant to plaintiff for work and materials furnished under a building contract. Defendant filed an affidavit of defense to the whole of plaintiff's demand and an itemized statement of set-off or counterclaim verified by his affidavit, wherein he stated that there was a certain sum due him from plaintiff. From a judgment in favor of plaintiff for $1,955, defendant appeals.

JAMES R. WARD, for appellant.

MATHER & HUTSON, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 85*—*when pending suit in equity for mechanic's lien no defense.* In an action to recover a sum claimed to be due for labor and materials furnished under a building contract, defendant cannot urge as a defense that the previous filing of a bill in equity, by the plaintiff for a mechanic's lien for the amount claimed constitutes an election of remedies.

2. ABATEMENT AND REVIVAL, § 34*—*when pending of suit in equity cannot be pleaded in abatement.* A former suit pending in equity cannot be pleaded in abatement of a subsequent action of law. If the defendant in an action of law is entitled to any advantage from the pendency of a bill in equity, it is only by injunction from the equity court to stay the proceedings at law.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

3. ELECTION OF REMEDIES, § 3*—*when court of equity may compel election.* If after a bill in equity has been filed, so that the jurisdiction of the court has attached and the case is not one where a party may proceed, as in the case of a mortgage, in equity and at law at the same time, the court of equity will compel the party to make an election in which court he will proceed and the proceedings in the other court will be stayed.

4. APPEAL AND ERROR, § 1705*—*when objection not urged as ground for new trial is waived.* On appeal from a judgment awarding a building contractor a recovery for labor and materials furnished under a building contract, an objection that the contractor had not obtained a city license is waived where such objection was not urged as a ground in defendant's motion for a new trial.

5. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*when modification of requested instruction not error.* In an action to recover for work and materials performed under a building contract, trial court's modification of instructions asked by defendant by inserting the words "substantially" and "reasonable," *held* not error.