Roy Dukeman et al., Appellants, v. Alfred Beisley et al., Appellees.

Gen. No. 8,226.

Opinion filed July 2, 1928.

JOHN McNUTT, for appellants.

CRAIG & CRAIG, for appellees.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case a bill in equity was filed by the appellants, Roy Dukeman, Claud Campbell and Charles E. Comer, in the circuit court of Coles county, against the appellees, T. E. Lyons, receiver of the Arcola State Bank, and G. S. Tarbox, F. M. Groves and others, alleged to be stockholders of the Arcola State Bank; also against Alfred Beisley, a depositor, who has a suit pending against G. S. Tarbox, one of the stockholders of the bank mentioned. The purpose of the bill is to enforce the stockholders' liability resulting from the insolvency of the Arcola State Bank, for

the benefit of creditors and depositors of the bank. The allegations of the bill are as follows:

"Your orators, Roy Dukeman, Claud Campbell and Charles E. Comer, respectfully represent to your Honors that they are residents of the State of Illinois; that on the 27th day of February, 1927, they were depositors in the Arcola State Bank located in the City of Arcola, County of Douglas and State of Illinois, a corporation and one of the defendants hereinafter named, and bring this suit for the benefit of themselves and such other general depositors of the Arcola State Bank on said date who may hereafter become parties complainant to this suit and contribute to the expense of said suit.

"Orators further represent that Arcola State Bank was organized and existing under and by virtue of the laws of the State of Illinois, and transacting a general banking business in the City of Arcola, Douglas County, Illinois; that on the 27th day of February, A. D. 1927, the Arcola State Bank closed its doors and notified the Auditor of Public Accounts of the State of Illinois that the directors and stockholders of said bank by resolution duly adopted had voted to voluntarily liquidate the affairs of said bank; that thereupon the said Auditor of Public Accounts took charge of said bank and on the 7th day of March, 1927, determined, after an examination of the affairs of said bank, that the impairment of the capital stock of the Arcola State Bank could not be made good and on said day appointed T. E. Lyons, receiver of said Arcola State Bank and that said Lyons duly qualified as such receiver and took charge of the affairs and property of said bank and is now still acting as such receiver; that said bank is hopelessly insolvent; that said receiver has paid a small dividend to each depositor of approximately 15 per centum of the amount each depositor had in said bank on the 27th day of February, 1927, the day of the closing of said bank; and that it is not

probable that any further dividend will be paid to any depositor of said bank.

"That your orators are advised and state the facts to be that the following named persons were stockholders in said Arcola State Bank on the day of closing, to-wit: T. E. Lyons, G. S. Tarbox, F. M. Groves, Maria M. Lins, Mary Agnes Donnell, Minney Lyons, H. H. Foster, R. F. W. Beazley, Henry H. Martin, J. Rue Edgar, J. H. Sullivan, George M. Pfeifer, Thomas F. Monohan, Henry Harding, Ben F. Cox, J. C. Ludhoff, Clarence Coombe, M. J. McCafferty, Alva Watson, W. N. Rugh, L. C. Engle, N. J. Higgenbotham and Caroline Reinheimer, Alma Reinheimer and Pearl Reinheimer, as heirs at law of B. Reinheimer, deceased, and Caroline Reinheimer, Walter Reinheimer and Pearl Reinheimer, executors of the estate of B. Reinheimer, deceased, and Ida Jacoby, executrix of the estate of John Burkey, deceased; that whether or not there are other stockholders your orators are not advised nor are orators advised as to the number of shares each of the above named stockholders owned of the capital stock of said Arcola State Bank.

"Orators further represent that Roy Dukeman had on deposit in said bank on the day of closing its doors the sum of $11.99; that Claud Campbell had on deposit $24.00 and that Charles E. Comer had on deposit the sum of $265.30; that your orators have received from the receiver of said bank a dividend of about 15 per centum of the amount of their deposits; that your orators are informed and state the fact to be that the remainder of their respective deposits has been lost by the suspension and insolvency of said bank. Orators further represent that by virtue of the Constitution of the State of Illinois each of said stockholders of the Arcola State Bank is individually responsible and liable to the creditors of said bank over and above

the amount of stock by him or her held, to an amount equal to his or her respective shares so held or for the liability of the bank accruing while he or she remained such stockholder; that the liability of each of said stockholders accrued to your orators while the persons above named as stockholders were stockholders of said bank.

"Orators further represent that Alfred Beisley, a depositor in said Arcola State Bank, has brought an action of debt in the Circuit Court of Coles County, in the State of Illinois, against G. S. Tarbox, a resident of the County of Coles and a stockholder in the Arcola State Bank, to recover from said Tarbox the sum of $2,000, the full amount of the constitutional liability of said Tarbox as a stockholder in the Arcola State Bank; that said cause of action has arisen through and by virtue of the suspension of business and the insolvency of said Arcola State Bank; that said cause has been filed to the October term of said Coles County Circuit Court and will come up for hearing at said term of court which is now in session unless restrained by the order of this court.

"Orators are further advised that other suits are about to be brought by other creditors and depositors of said bank against other stockholders of said bank; that the constitutional liability of each of said stockholders is a common fund upon which the said general depositors of said bank have equal claims; that the remedy at law is totally inadequate to afford the full measure of relief to each depositor without the bringing of a multiplicity of suits; that the total capital stock of the Arcola State Bank as incorporated was $50,000 and that the total deposits held by said bank when its doors were closed were more than $134,000; that it is evident that if the entire amount of constitutional liability of said stockholders should be collected that the depositors in said bank could not near be paid

in full; that in equity and good conscience this court should take charge of the common fund arising through said stockholders' liability and control it for the benefit of all depositors of the Arcola State Bank.

"Orators further represent that in order to protect the rights and interests of all the depositors in the Arcola State Bank the said Alfred Beisley and all other depositors and creditors of said bank should be enjoined from. prosecuting suits against any and all stockholders of said Arcola State Bank to enforce said stockholders' liability and thus obtain priority over your orators and others interested in said trust fund; that all the creditors and depositors of said bank should be ascertained; that the liabilities of said bank should be ascertained; that the liabilities of the stockholders and each of them and the extent of each stockholder's liability to the creditors should be ascertained by the court; that upon the determination of each stockholder's liability the court should provide for the distribution thereof among the creditors and depositors of said bank; and that a receiver should be appointed to collect such amounts so determined from the stockholders and distribute the same among the depositors.

"Forasmuch, therefore, as your orators are without remedy in the premises except in a court of equity and to the end that Arcola State Bank, a corporation, T. E. Lyons, receiver of Arcola State Bank, Alfred Beisley, T. E. Lyons, G. S. Tarbox, F. M. Groves, Maria M. Lins, Mary Agnes Donnell, Minney Lyons, H. H. Foster, R. F. W. Beazley, Henry H. Martin, J. Rue Edgar, J. H. Sullivan, George M. Pfeifer, Thomas F. Monohan, Henry Harding, Ben F. Cox, J. C. Ludhoff, Clarence Coombe, M. J. McCafferty, Alva Watson, W. N. Rugh, L. C. Engle, N. J. Higgenbotham and Caroline Reinheimer, Alma Reinheimer and Pearl Reinheimer, as heirs at law of B. Reinheimer, deceased, and Caroline Reinheimer, Walter

Reinheimer and Pearl Reinheimer, executors of the estate of B. Reinheimer, deceased, and Ida Jacoby, executrix of the estate of John Burkey, deceased, who are made parties defendant to this suit, may be required to make a full and direct answer to the same but not under oath, the answer under oath being hereby waived; that Alfred Beisley may be restrained by the order of this suit from prosecuting his suit in the Coles County Circuit Court against G. S. Tarbox to enforce his constitutional liability as such stockholder until the further order of this court; that this court may take full and complete jurisdiction and control of any and all liabilities arising under the Constitution of the State of Illinois against any and all stockholders of the Arcola State Bank on the 27th day of February, 1927, and may ascertain the creditors and depositors of said Arcola State Bank and may ascertain the liabilities of said bank and may ascertain who are the stockholders of said bank and the number of shares held by each and the extent of each stockholder's liability to the creditors and depositors of said bank; that this court may determine the rights and equities of the stockholders and depositors of said bank and shall marshal the fund arising from said stockholders' liabilities and distribute said fund among the creditors and depositors of said bank prorata according to the amount each depositor had on deposit at the closing of said bank; that any and all depositors and creditors of said bank be restrained by an order of this court from prosecuting any suit against any and all stockholders of the Arcola State Bank until the further order of this court; that a receiver be appointed by this court to collect the amount so determined by the court to be due from each stockholder and to distribute the same among the depositors and creditors pro rata; and that your orators may have such other and further relief in the premises as equity may require and to your Honor may seem meet."

The bill was filed on October 11, 1927, to the January term following, and summons was served on 27 of the defendants in the bill on or about November 1, 1927. Five defendants in the bill, namely, F. M. Groves, Maria M. Lins, Mary Agnes Donnell, Minney Lyons and N. J. Higginbotham, were not found in the county, and a return on the summons made by the sheriff to that effect.

At the January term following, the appellants, who are defendants in the bill, filed a plea in abatement, in which it is alleged that another bill in equity in which A. F. Love, A. F. Love, treasurer of the American Legion Post at Arcola, A. J. Barnes, Albert Harrington, F. M. Rich, Pearl Rich, Harry O. Snyder and others, as depositors of the insolvent Arcola State Bank, had on the 3rd day of November, A. D. 1927, filed a bill of complaint in the circuit court of Douglas county, against substantially the same parties defendant, as stockholders, who were sued in the bill of complaint in question; and the plea sets forth the various allegations of the Douglas county bill of complaint, to show that the purpose and parties to the suit are substantially the same, and that the subject matter and relief prayed for are the same. The plea was set down for hearing by the court, and was sustained on the hearing, and thereupon the court allowed the appellants to amend their bill of complaint, and they thereafter filed an amended and supplemental bill; and the court ordered that the plea in abatement filed to the original bill stand as a plea to the amended and supplemental bill. The plea was again set down for hearing and argument, and upon the hearing was again sustained by the court, and thereupon the amended and supplemental bill was dismissed. This appeal is prosecuted from the order of the court sustaining the plea in abatement and dismissing the bill.

The only question presented for review is whether the circuit court of Douglas county or the circuit court

of Coles county, which have concurrent jurisdiction to adjudicate and determine the matters involved in the bills of complaint referred to, had first obtained jurisdiction thereof. The rule is well settled, "that the pendency of a former suit in the same jurisdiction in the same or another court of equity, between the same parties, for the same cause of action and relief may be pleaded in abatement in the second suit." *Haas v. Righeimer*, 220 Ill. 193. In recognition of this rule in the case of *Loomis v. Federal Union Surety Co.*, 163 Ill. App. 621, the court said: "As between courts of the same state which have concurrent jurisdiction, the one first obtaining jurisdiction will retain it, and in another action begun in the courts of that state the former action may be pleaded in abatement."

The record clearly discloses that the bill of complaint involved in this appeal was filed at least twenty days prior to the filing of the bill of complaint of the Douglas county suit, which is the basis of the plea in abatement; and that all the defendants in the Coles county suit except five had been served with the summons issued therein at least three days before the commencement of the suit in Douglas county; and it appears also that three of the five defendants which were not served are nonresidents; and all of the five defendants not served are alleged in the amended and supplemental bill to be insolvent.

It is apparent that the suit in Coles county is the prior suit; and that by the service of the summons on the 27 defendants it had obtained jurisdiction of the subject matter of the suit, so far as it concerned the parties defendant who had been served with process, before the commencement of the suit in Douglas county. The appellees contend, however, that the jurisdiction of the court in the Coles county suit cannot be considered as complete, because it had not acquired jurisdiction of all the defendants; that it was necessary

that the Coles county circuit court should also have had service of process on the five defendants which were "not found" in the county. The point contended for by the appellees may be applicable to suits where the court must have jurisdiction of all defendants who are necessary parties to an adjudication of the subject matter of the suit; as for instance in partition cases, where the joint interests of the tenants in common in real estate are involved, and therefore indispensable that the court have jurisdiction of all the joint owners of the property which is sought to be partitioned. The five defendants who were not served in the Cole county case, however, were not necessary parties to adjudicate the subject matter of the suit, in so far as it concerned the defendants who had been served. The failure to get service on the five defendants mentioned did not oust the court of the jurisdiction it had acquired of the defendants served with process. The liability of the defendants served with process as stockholders is an individual liability and separate and severable from the liability of the defendants not served with process. *Golden v. Cervenka,* 278 Ill. 409. Nor did the fact that the complainant by leave of court filed an amended and supplemental bill have the effect of giving priority to the suit in Douglas county. The amended bill did not set up a new equity or seek a different ground of relief; nor was there any change in the subject matter of the suit. "The rule of equity pleading is that an amended bill or an amendment to the bill is a continuation of the original bill of which it is considered a part, the two together constituting one record." *Becker v. Billings,* 304 Ill. 190, 23 N. C. C. A. 105.

For the reasons stated, we conclude that the court erred in sustaining the plea in abatement and dismissing the bill of complaint, and the order is therefore reversed and the cause remanded with directions to overrule the plea.

*Reversed and remanded with directions.*