Samuel C. Perlman, Appellee, v. Thomas Paper
Stock Company, Appellant.
Samuel C. Perlman, Cross Appellant, v. Thomas
Paper Stock Company, Cross Appellee.

Gen. No. 42,138.

Opinion filed May 5,
1943.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND,
of Chicago, for appellant and cross appellee; HENRY J.
BRANDT, ALBERT K. ORSCHEL, both of Chicago, SAM-
UEL W. BLOCK, of Washington, D. C., and ADOLF L. A.
LOEB, of Chicago, of counsel.

MCINERNEY, EPSTEIN & ARVEY, of Chicago, for ap-
pellee and cross appellant; ELMER GERTZ and
GEORGE L. SIEGEL, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.
This is a contract action with a decree ordering
judgment for plaintiff for $8,900. Defendant appeals
from the judgment; and plaintiff from "denial of mo-
tion to modify decree" and from a "portion" of the
decree.
Plaintiff filed a "complaint in equity and at law."
In Count I "at law," he charged defendant with breach

of an oral contract by the terms of which plaintiff was to have $500, or 50 per cent of the profits, monthly during the life of a contract for waste paper between the Chicago Tribune and defendant, which latter contract plaintiff claims he induced. He asks judgment. In Count II, "in equity" plaintiff restated by reference all charges in "Count I" and in addition that defendant's books, which would disclose the exact amount due him, were under control of defendant which has refused plaintiff an accounting, seeking to cheat and defraud him. Plaintiff prays for an accounting. Defendant answering the counts separately, denies the agreement and the terms thereof; performance by plaintiff thereunder; that plaintiff induced the contract; denies indebtedness and any intention to cheat plaintiff.

The decision of the trial court recites the overruling of defendant's motion for a jury trial; that the cause was submitted to the court which heard evidence, considered charges in Counts I and II, and finds defendant's indebtedness; *finds that there is no cause for an accounting and for equity jurisdiction, as prayed for in Count II;* and ordered that plaintiff have judgment for $8,900.

Defendant's motion for a new trial attacked the decree, as having been entered on a finding that there was no cause for equity jurisdiction as prayed for in Count II; and in overruling defendant's demand for a jury trial on the law count. Plaintiff asked for a modification of the decree to increase the period of the indebtedness; to find that defendant agreed to pay one-half of the profits in excess of $500 per month; to refer to a master for an accounting; and to strike the finding on the equity count.

The trial court sitting as chancellor, as appears from the decision, found no cause for an accounting or for equity jurisdiction, but, nevertheless, then found

plaintiff entitled to recover from defendant and ordered judgment in plaintiff's favor for $8,900. The court stated that it, having disposed of Count I, the law count, found no need of going into Count II, the equity count. Defendant's counsel sought by motion and objection to have the equity count considered first, presumably upon the theory advanced here that unless equity had jurisdiction under Count II, it could not in equity determine the matter of law under Count I. To defeat the contention of defendant, plaintiff cites the cases of *Weininger v. Metropolitan Fire Ins. Co.*, 359 Ill. 584; *Crawford v. Schmitz*, 139 Ill. 564. These cases are not helpful for in the former the complaint and proof were sufficient to give equity jurisdiction and in the latter defendant had waived his right to object that plaintiff had an adequate remedy at law by failing to so assert in his answer. The first case is distinguishable on the ground that here the court expressly found that there was no cause for equity jurisdiction, and the second case because here the defendant had no opportunity to make such a defense in his answer for this was a dual action and on its face the equity count was not objectionable and defendant's objection would necessarily have to await proof, for if the complaint was not objectionable, but the proof insufficient, equity jurisdiction would not attach. *Brauer v. Laughlin,* 235 Ill. 265; *Hogg v. Hohmann,* 330 Ill. 589; *Belleville Brick Co. v. Industrial Commission,* 305 Ill. 577.

It is apparent from a colloquy between court and counsel at the trial and from the form of the decision, that the trial court determined that the actions were not properly severable and proceeded to try them jointly in chancery, and the decree found that there was no ground for an accounting or for equity jurisdiction. The court, however, in a subsequent colloquy indicated that the case was disposed of on Count I, the law count, without going into Count II, but also

indicated that Count II had been considered and the decree recites that both counts were considered. The decree while finding that there was no cause for equity jurisdiction, proceeded to order judgment for plaintiff for $8,900. The court apparently intended to and did try the counts jointly, however, the only justification for overruling defendant's jury demand was to proceed in equity and we shall assume that the trial court did so, but having done so, under the uniform rule in Illinois (*Brauer v. Laughlin; Hogg v. Hohmann; Belleville Brick Co. v. Industrial Commission*), when it determined there was no equity jurisdiction, it should have thereupon dismissed Count II and remitted the parties to trial at law on Count I before a jury in accordance with their demand.

We have considered the evidence in the record and agree with the trial court that the proof is insufficient to sustain a decree in plaintiff's favor as prayed for in Count II. . The judgment, however, must be reversed and the cause remanded for a new trial before a jury on Count I.

*Judgment reversed and cause remanded with directions.*

BURKE, P. J., and HEBEL, J., concur.