Illinois Minerals Company et al., Appellants, v. Catherine M. Miller, Executor of Will of William E. McCarty, Deceased et al., Appellees.

**Term No. 44M10.**

598

Heard in this court at the October term, 1945. Opinion filed January 7, 1946. Released for publication February 14, 1946.

LANSDEN & LANSDEN, of Cairo, for appellants.

FORDYCE, WHITE, MAYNE, WILLIAMS & HARTMAN, of St. Louis, Mo., DOROTHY WILBOURN and ASA J. WILBOURN, both of Cairo, for appellees.

ON REHEARING.

MR. JUSTICE BARTLEY delivered the opinion of the court.

The questions for consideration by the court are the correctness of the following two orders of the circuit court of Alexander county. On November 9, 1943, upon separate motions of the appellees, the circuit court ordered the appellants, and each of them to make and file their election on or before November 24, 1943, as to whether they will proceed at law or in equity for damages growing out of the cause of action alleged. On December 13, 1943, the circuit court, on motion of the appellees, entered its order perpetually enjoining appellant, Illinois Minerals Company, from prosecuting the cause of action as stated in Counts two, three,

and four in the cause pending in Alexander county, and also its suit at law filed in the circuit court of the City of St. Louis, Missouri, on November 3, 1938; dismissing the claim for damages of the appellant, Aud M. Davis, in Count one of said cause, and dismissing the cause of action of the Ozark Minerals Company for damages both at law and equity if it failed on or before December 28, 1943, to file an election.

On November 3, 1938, the appellant, Illinois Minerals Company, filed its suit at law in the circuit court of the City of St. Louis, in the State of Missouri, against appellee, Olive Branch Minerals Company, and William E. McCarty, who is now deceased and of whose will, Catherine M. Miller is executor, claiming damages for the alleged wrongful appropriation, acquisition, and use of the appellant, Illinois Minerals Company's list of customers for the products of the said appellant which it was engaged in producing, mining, milling, and selling, consisting of silica and related products.

On September 12, 1940, the appellants, Illinois Minerals Company, Ozark Minerals Company, and Aud M. Davis, filed their suit in the circuit court of Alexander County, Illinois, against William E. McCarty and appellee, Olive Branch Minerals Company. William E. McCarty died. Catherine M. Miller, as executor of his will, has been substituted in his stead, and is the other appellee here. The complaint, as amended, and as it now exists, consists of four counts, all growing out of the alleged wrongful appropriation, acquisition and use of appellant's list of customers. Count one seeks to permanently enjoin the appellees from soliciting and selling silica and related products to the customers of the appellant appearing on the list alleged to have been wrongfully appropriated and acquired, and also asks judgment for damages for the alleged wrongful acts in appropriating, acquiring and using

said list of customers. Counts two to four, inclusive, are at law and seek damages for the same alleged wrongful acts, and all are pending against both appellees with the exception that by reason of the action of the circuit court of Alexander county and this court in the case of *Illinois Minerals Co. v. McCarty*, 318 Ill. App. 423, the alleged cause of action alleged in count three, has been abated as to appellee, Catherine M. Miller as executor of the will of William E. McCarty, deceased. This is a count for conversion. The count in equity and the remaining two counts at law are based on fraud. (*Illinois Minerals Co. v. McCarty*, 318 Ill. App. 423.)

In pursuance of the order of the circuit court of Alexander county of December 13, 1943, the appellant, Illinois Minerals Company, elected to proceed in equity for damages. Appellant, Ozark Minerals Company, failed or refused to make any election. Appellant, Aud M. Davis, elected to proceed at law for damages. Following these elections and failure or refusal to elect, the circuit court entered its order of December 13, 1943, enjoining appellant, Illinois Minerals Company, from prosecuting its cause of action as stated in counts two, three, and four of the Illinois action, and its suit at law filed in the circuit court of the City of St. Louis, Missouri; dismissing the claim for damages of the appellant, Aud M. Davis, alleged in count one; and dismissing the cause of action at both law and equity as to damages of appellant, Ozark Minerals Company, in the event it failed to file its election on or before December 28, 1943. Appellant, Ozark Minerals Company, failed to file an election.

It appears from what has heretofore been said in this opinion, that the ultimate question to be decided by this court, is whether the so-called doctrine of election of remedies should have been applied in this case.

The general rule cannot be well controverted that a court of equity will, in a proper case, compel a

party to make an election in which court he will proceed, and the proceedings in the other court will in such case be stayed where one is seeking to proceed in a court of equity and a court of law for one and the same thing at the same time. (*Erikson v. Ward,* 185 Ill. App. 269; *Fetzer v. Clark,* 153 Ill. App. 152; *Smith v. Billings,* 62 Ill. App. 77.)

In considering the applicability of the rule, however, in any given case, we must consider the purpose, effect, and limitations of the rule. The doctrine of election of remedies, as more generally understood, is applicable only as between inconsistent remedies for the same injury or cause of action. (*Jackson v. Industrial Board,* 280 Ill. 526; Pars. 4, 5, and 6 of chapter on Election of Remedies, 18 Am. Jur. 130, 131.) In speaking of election of remedies, courts sometimes fail to observe the distinction between the doctrine of election of remedies and other more or less related phases of the law, such as choice of substantive rights and abatement of actions. This has brought seeming conflict of judicial opinions in relation to the doctrine of election. (Par. 5 of chapter on Election of Remedies, 18 Am. Jur. 130, 131.) The doctrine of election of remedies here under consideration is more akin to the rules pertaining to an abatement of an action because of another action pending. The reason for abatement of actions in this sense, is that one should not be vexed with a litigation in one or more suits at the same time for the same cause of action. (Par. 14 of chapter on Abatement and Revival, 1 Am. Jur. 28; par. 17 of chapter on Abatement and Revival, 1 C. J. S. 51; par. 38 of chapter on Abatement and Revival, 1 C. J. 45; *Schneider v. Smith,* 271 Ill. App. 414; *Smith v. Billings,* 62 Ill. App. 77.) The doctrine has its application as between suits at law and as between suits in equity in the same jurisdiction. It has no application, however, in most jurisdictions to suits at law and in equity. (*Lowry v. Kin-*

*sey,* 26 Ill. App. 309; *Haas v. Righeimer,* 220 Ill. 193; *Dukeman v. Beisley,* 250 Ill. App. 537; *Erikson v. Ward,* 185 Ill. App. 269.)

As between suits at law and in equity, it is said that one cannot be pleaded in abatement of the other because the rules of procedure, relief obtainable, manner of execution, and so forth, in the two courts are not alike. (1 Am. Jur. 37, 38, par. 31 of chapter on Abatement and Revival; par. 49 of chapter on Abatement and Revival, 1 C. J. S. 79; par. 54 of chapter on Abatement and Revival, 1 C. J. 51; *Erikson v. Ward,* 185 Ill. App. 269.) In those jurisdictions like Illinois where it is held that a suit at law or in equity cannot be pleaded in abatement of the other, the procedure was established to bring about the same result by a rule on the plaintiff to make an election whether to proceed at law or in equity. (Par. 31 of chapter on Abatement and Revival, 1 Am. Jur. 37, 38; par. 7 of chapter on Election of Remedies, 18 Am. Jur. 130, 131; par. 49 of chapter on Abatement and Revival, 1 C. J. S. 79; pars. 54, 57 of chapter on Abatement and Revival, 1 C. J. 52; *Erikson v. Ward,* 185 Ill. App. 269; par. 32 of chapter on Election of Remedies, 28 C. J. S. 1107; par. 41 of chapter on Election of Remedies, 20 C. J. 44; *Smith v. Billings,* 62 Ill. App. 77.)

In the application of a plea in abatement in such actions as it is pleadable in, among the requirements are that the two causes of actions be the same or substantially the same, so that the action of one would be a bar to the action in the other. (Pars. 27 and 28 of chapter on Abatement and Revival, 1 Am. Jur. 34, 35; pars. 80 and 83 of chapter on Abatement and Revival, 1 C. J. 61, 66; pars. 39 and 42 of chapter on Abatement and Revival, 1 C. J. S. 62, 69.)

Likewise, in the application of the rule requiring plaintiff to elect as between a proceeding at law and a proceeding in equity, an election will only be com-

pelled where the suits have substantially the same aim and scope, and the relief sought in each case is substantially the same, so that the one could be pleaded in bar of the other. (Par. 30 of chapter on Election of Remedies, 18 Am. Jur. 150; par. 32 of chapter on Election of Remedies, 28 C. J. S. 1106; par. 40 of chapter on Election of Remedies, 20 C. J. 43; *Fleming v. Courtenay,* 95 Me. 135, 49 Atl. 614.)

In discussing the application of the rule, the court in the case of *Fleming v. Courtenay,* 95 Me. 135, 49 Atl. 614, at page 614, said:

"The practice of ordering an election between an action at law and a suit in equity does not appear to have been considered in any reported case in this state, but it is a well-settled and familiar rule of procedure in all courts exercising general equity jurisdiction that where a plaintiff is prosecuting an action at law and a suit in equity against a defendant at the same time, for the same cause, he may be compelled by the court, upon application of the defendant, to elect whether he will proceed with the action at law or in equity. (*Ambrose v. Nott,* 2 Hare 649; *Fennings v. Humphrey,* 4 Beav. 1; *Rogers v. Vosburg,* 4 Johns Ch. 84; *Central R. Co. of New Jersey v. New Jersey W. L. R. Co.,* 32 N. J. Eq. 67; *Sears v. Carrier,* 4 Allen 339.) The practice is said to have originated in an order of Lord Bacon, in which it was declared that 'double vexation is not to be admitted; but, if the party sue for the same cause at common law and in chancery, he is to have a day given to make his election where he will proceed, and, in default of such election, to be dismissed.' 2 Daniell, Ch. Sec. 961. The suits must be practically for the same cause, and brought by the same parties, or in the same right, and must be such that a judgment or decree in one would be a bar to the other. But the plaintiff will not be compelled to elect unless the remedy in the suit at law is equally

complete and adequate with the remedy in equity. Whitehouse, Eq. Prac. Sec. 441, and cases there cited.''

The purpose of the rule is to avoid vexing, harrassing and oppressing one by requiring him to defend a suit at law and a suit in equity for one and the same purpose at the same time. (*Smith v. Billings,* 62 Ill. App. 77.)

Under the present Practice Act in Illinois, causes of action in equity and at law are permitted to be joined together in the same suit. However, under the terms of the present Practice Act, the substantial distinctions between actions in equity and suits at law still remain. (*Dunham v. Kauffman,* 385 Ill. 79; *Frank v. Salomon,* 376 Ill. 439; *Hawley Products Co. v. May,* 314 Ill. App. 537; *People ex rel. Barrett v. Fritz,* 316 Ill. App. 217.)

Under the law in Illinois, a court of equity cannot adjudicate a question of damages recoverable at law unless there is some principle of equity involved which gives the court jurisdiction and the damages are assessable as an incident to the equitable relief sought. In such cases where the claim for equitable relief fails, the jurisdiction to assess damages also fails. (*Patterson v. Patterson,* 251 Ill. 153; *Stickney v. Goudy,* 132 Ill. 213; *Perlman v. Thomas Paper Stock Co.,* 319 Ill. App. 109.)

In a suit for injunction, a court of equity might go on and award damages in a case where no suit at law for damages would lie. (*Garden City Sand Co. v. Southern Fire Brick & Clay Co.,* 260 Ill. 231.) In cases where a court of equity allows equitable relief and a claim for damages is made as an incident to such relief, while ordinarily in such case a court of equity will go on and adjudicate the question of damages in order to do complete justice between the parties and avoid a multiplicity of suits, it is still in the

sound judicial discretion of the chancellor as to whether he will go on and adjudicate the question of damages or relegate the plaintiff to his action at law to determine that question. (*Braithwaite v. Henneberry*, 222 Ill. 50.)

In a suit in equity in Illinois where equitable relief is sought and damages also claimed, such suit would be a bar in a later action at law to the extent that such issues were determined by the court. (*Pillsbury v. Early*, 324 Ill. 562; *Dempster v. Lansingh*, 224 Ill. 402; *Wright v. Griffey*, 147 Ill. 496; *Stickney v. Goudy*, 132 Ill. 213.) As to the extent, however, that such suit may be a bar in a suit at law necessarily cannot be determined until the culmination of the suit in equity, for the reason that until the case is decided, it cannot be determined whether the court will have jurisdiction to, or in its judicial discretion will adjudicate the damage claim. (*Braithwaite v. Henneberry*, 222 Ill. 50; *Garden City Sand Co. v. Southern Fire Brick & Clay Co.*, 260 Ill. 231; *Patterson v. Patterson*, 251 Ill. 153; *Stickney v. Goudy*, 132 Ill. 213.)

With the principles of law applicable, hereinbefore stated, we can come now quickly to the decision of the issues presented for consideration here. Count one of the amended complaint herein is in equity for damages, counts two to four, inclusive, are at law for damages. The action pending in the State of Missouri between the parties is at law for damages. As to whether, and to what extent, a count in equity may be decisive of the issues or in bar of the claim for damages, cannot be determined until the trial and decision of the issues made by the count in equity. (*Braithwaite v. Henneberry*, 222 Ill. 50; *Garden City Sand Co. v. Southern Fire Brick & Clay Co.*, 260 Ill. 231.) If the plaintiff is unsuccessful in his suit for injunction, the right of the court of equity to determine the issue as to damages would fail. (*Patterson v. Patter-*

son, 251 Ill. 153; *Perlman v. Thomas Paper Stock Co.,* 319 Ill. App. 109; *Stickney v. Goudy,* 132 Ill. 213.)

If the court should determine that an injunction should issue, it would still remain in the sound judicial discretion of the court as to whether to proceed to adjudicate the issue as to damages. (*Braithwaite v. Henneberry,* 222 Ill. 50.)

It would seem clear, therefore, that at this time it cannot be determined as to how far, and to what extent the count in equity may be in bar of the counts at law. It must follow, therefore, that the rule heretofore set out is applicable that the court, by election, will not compel one to choose between a suit in equity and a suit at law, unless one is in bar of the other. (*Fleming v. Courtenay,* 95 Me. 135, 49 Atl. 614.)

Obviously, the count in equity and the counts at law cannot be tried and determined at one and the same time without bringing about confusion and conflict. However, inherently and particularly by reason of various provisions of the present Practice Act, adequate power exists in the trial court to so control the time of trial of the equity count and of the three counts at law so as to avoid any confusion and conflict and any undue inconvenience or vexation, harrassing or oppression of the defendants.

It is our opinion that the better practice is for the trial court to first proceed to the trial of the issues made by the equity count, particularly in view of the fact that the thing that gives the jurisdiction to a court of equity to adjudicate the damages is to avoid a multiplicity of suits and to do complete justice between the parties. Upon the determination of these issues, the trial court could then proceed to a determination of the issues made by the law counts, and, of course, after the determination of the issues made by the count in equity, the question would then arise as to

how far, and to what extent the decision of the issues made by the equity count may be in bar, either by way of *res adjudicata,* estoppel, or otherwise, of the issues made by the law counts. If this procedure were adopted by the trial court, the circuit court of the City of St. Louis, Missouri, may, out of the spirit of comity, delay the trial of the suit at law pending there, until the termination of the equitable proceedings. (Par. 39 of chapter on Abatement and Revival, 1 Am. Jur. 44; *Harris v. Pullman,* 84 Ill. 20.)

However this may be, should the counts at law for damages be first determined, then the problem would arise as to what extent the adjudication in the damage counts at law may be in bar of the issues made by the count in equity.

The judgment of the circuit court of Alexander county is therefore reversed, with directions to vacate the order of December 13, 1943; to dissolve the injunction as to appellant, Illinois Minerals Company; to reinstate all counts dismissed as to appellant, Aud M. Davis; to reinstate the cause of action at both law and equity dismissed as to appellant, Ozark Minerals Company; and to overrule the motions of the appellees to require the appellants to elect whether to proceed at law or in equity for damages.

*Reversed and remanded with directions.*
STONE, P. J., and CULBERTSON, J., concur.