Chas. Todd Uniform Rental Service Co. of Kentucky, a Corporation, Plaintiff-Appellant, v. H. Arnold Klysce and Walter B. Klysce, Copartners, d/b/a White Rose Industrial Laundry, Defendants-Appellees.

Gen. No. 61–F–14.

Fourth District.

May 2, 1961.

Winters, Powless & Morgan, and Melvin F. Wingersky, of Marion, for appellant.

Franklin, Garrison & Bleyer, of Marion, for appellees.

HOFFMAN, JUSTICE.

In a former action brought in the Circuit Court of Jackson County, plaintiff, appellant here, filed a com-

plaint against the defendants-appellees and one John B. Williams alleging, in substance, that the defendant John B. Williams had an employment contract with the plaintiff which prohibited him from engaging elsewhere in the same type of work and from soliciting former or new customers along the same route or in the same territory as that covered for the plaintiff for a period of one year after the termination of his employment with the plaintiff. It further alleged that Williams terminated his employment on February 7, 1959 and that he was employed by the defendants on February 15, 1959; that the plaintiff notified the defendants of the contract and asked them to discontinue soliciting customers along said route by the employment of Williams; that the defendants did not desist and that plaintiff's business was thereby damaged. An injunction was sought by plaintiff in that action against both defendants and John B. Williams. Also, the court was asked to grant such other relief as would be proper and just including the fixing of such damages as may be directly susceptible of proof.

Defendants attacked that complaint by a motion for a "summary decree," alleging that the complaint did not state a cause of action. Except for amendments to the complaint, which do not concern us, no other pleadings were filed, and on June 22, 1959 the court there allowed the motion and entered a decree which it labeled "Summary Decree". It ordered that ". . . the defendants do have a summary decree in their favor for all of the relief sought against them in plaintiff's complaint, as amended . . ." and that ". . . the plaintiff take nothing by its suit and that these defendants go hence without day . . ." No appeal was perfected from the decree in that suit.

On November 23, 1959 plaintiff brought a second suit against all of the same defendants, excluding, however, the said John B. Williams, in the Circuit Court

of Williamson County. In this second suit, plaintiff alleged the employment contract with Williams; that Williams had a lucrative route; that defendants, though knowing these things, and knowing that the loss of Williams would damage plaintiff, intentionally and with malice, enticed and induced Williams to leave plaintiff's employ and to become the employee of defendants along the same route; and that plaintiff thereby suffered great financial loss. Plaintiff then demanded actual and punitive damages. Defendants filed a motion for involuntary dismissal of the plaintiff's complaint under Section 48 of the Civil Practice Act, (Ill. Rev. Stat. 1957, chap. 110, par. 48,) alleging only one ground, namely, that the cause of action was barred by the former decree in the Jackson County case. Defendants did not support said motion with an affidavit, but attached unverified copies of the pleadings, minutes and orders entered in the Jackson County case. No affidavits or other pleadings were filed by plaintiff. On September 7, 1960, the trial court allowed the motion for involuntary dismissal and entered a final order dismissing the cause. It is this final order in this second suit which is the subject matter of this appeal.

It is plaintiff's theory that its complaint in the present suit filed in Williamson County was based upon the common law tort of enticement, that the gravamen was defendants' inducement of plaintiff's employee to quit plaintiff and work for the defendant, and that the relief sought was the recovery of actual and punitive damages. In the former case filed in Jackson County, plaintiff theorizes that it was seeking equitable relief and such incidental damages "as may be directly susceptible of proof" based upon a breach of restrictive covenants contained in plaintiff's employment contract with its former employee, John B. Williams. Defendants admit in their brief that "the

theory of 'enticement', being a common law action, was not raised in Jackson County," but argue that such theory "could and should have been alleged and the decree in Jackson County is res adjudicata to all matters which were raised, or could or might have been raised."

■■ The decree dismissing the former suit filed in Jackson County was a final decree from which no appeal was taken. Moreover, it was a general order of dismissal with no specific reasons for the court's action being given. As such, it renders all the issues raised res judicata. Doner v. Phoenix Joint Stock Land Bk. of Kansas City, 381 Ill. 106, 112, 45 N.E. 2d 20, 23. But, it is only a bar to such matters as might have been litigated under the issues raised. Boddiker v. McPartlin, 379 Ill. 567, 577, 41 N. E. 2d 756, 761. The issues which it so renders res judicata are determined "from a consideration of the judgment actually entered in reference to the issues presented for decision." Adams v. Pearson, 411 Ill. 431, 437, 104 N. E. 2d 267, 270.

The applicable pleadings in the Jackson County case consisted of the amended complaint and the motion to dismiss said complaint. The amended complaint, as noted above, consisted of allegations alleging the breach of restrictive covenants contained in a contract between plaintiff and its employee, John B. Williams, the inadequacy of a remedy at law, and the suffering of irreparable damage. It then prayed for an injunction against the defendants and John B. Williams. The motion attacking this complaint alleged that said contract was in restraint of trade, was against public policy and was neither valid nor existing; that an assignment of the contract to plaintiff was invalid and that no privity existed; and that plaintiff was not a proper party and did not come into equity with clean hands. As stated above, acting on this motion, the

278

court in Jackson County dismissed the above-described complaint in a "summary decree" finding in favor of the present defendants "for all the relief sought against them in plaintiff's complaint." It is this decree which the trial court below, in Williamson County, held was res judicata of the tort action for enticement there brought by plaintiff against defendants.

■ It is obvious that nowhere in the pleadings in the Jackson County case is any issue of plaintiff's right to tort damages from defendants raised. Where the former adjudication is relied on as a complete bar to the whole of the second action, as is the case here, it must appear that the things sought to be recovered and the cause of action in both suits are the same. Pillsbury v. Early, 324 Ill. 562, 565, 155 N.E. 475.

■ But the defendant argues that the issue of tort damages "could or should" have been presented by plaintiff in the first suit and cites the general rule that the doctrine of res judicata extends to all grounds of recovery or defense which might have been presented. Harding Co., Charles E., v. Harding, 352 Ill. 417, 426, 186 N.E. 152; People v. Kidd, 398 Ill. 405, 408, 75 N.E. 2d 851, 854, Melohn v. Ganley, 344 Ill. App. 316, 328, 100 N.E. 2d 780, 786. There are two reasons why this general rule is not applicable here.

■ In the first place, the joinder of different causes of action is governed by Section 44 of the Civil Practice Act, (Ill. Rev. Stat. 1959, chap. 110, par. 44,) which states: "Subject to rules any plaintiff or plaintiffs may join any causes of action, whether legal or equitable or both, against any defendant or defendants . . ." This act makes joinder permissive, not mandatory, and, our Supreme Court has specifically held, in circumstances similar to those presented here, that there is no imperative duty upon a plaintiff to so join his causes of action. Boddiker v. McPartlin,

279

supra. Thus, the bald fact is that though plaintiff could have raised the tort issue in the first suit, it didn't. It was permissible, under Section 44 of the Civil Practice Act, for plaintiff to file a complaint for tort damages at a later date. The cases cited by defendant, in view of Section 44, are not authorities requiring that plaintiff *should* recover its tort damages in the equity suit.

In the second place, the substantial distinctions between law and equity still remain. Dunham v. Kauffman, 385 Ill. 79, 58 N.E. 2d 143. See also Historical and Practice Notes to Section 31 of the Civil Practice Act. A court of equity cannot adjudicate a question of damages recoverable at law unless there is some principle of equity involved which gives the court jurisdiction and the damages are assessable as an incident to the equitable relief sought. In such cases, where the claim for equitable relief fails, the jurisdiction to assess damages also fails. Patterson v. Patterson, 251 Ill. 153, 95 N.E. 1051; Stickney v. Goudy, 132 Ill. 213, 23 N.E. 1034; Peterson v. Yacktman, 25 Ill. App. 2d 208, 166 N. E. 2d 452. Moreover, even when a court of equity allows equitable relief and a claim for damages is made incidental to such relief, it is still in the sound judicial discretion of the chancellor as to whether he will go on and adjudicate the question of damages or relegate the plaintiff to his action at law to determine that question. Braithwaite v. Henneberry, 222 Ill. 50, 78 N.E. 34; Illinois Minerals Co. v. Miller, 327 Ill. App. 596, 65 N.E. 2d 44. Thus, in our case, there was no assurance that plaintiff *could* have recovered legal damages in the Jackson County suit, for, if plaintiff had been unsuccessful in his suit for an injunction the power of the court to adjudicate the question of damages would have failed. On the other hand, if plaintiff had been successful and the court had determined that an in-

junction should have issued, the court still, in its discretion, could have relegated the plaintiff to a separate action at law.

It is our opinion that the judgment in the Jackson County case is not a bar to the present suit because the present action in tort for damages was not litigated nor determined under the issues formed in said County.

Accordingly, the judgment is reversed and the cause remanded with directions to overrule the motion to dismiss based upon the prior suit, and to proceed in normal course.

Reversed and remanded with directions.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.