CLIFFORD C. GITTINGS *et al.*, Plaintiffs-Appellants, *v.* CECIL M. HILTON, Defendant-Appellee.

Third District    No. 3—83—0570

Opinion filed May 31, 1984.

W. K. Harris, of Harris & Harris, of Macomb, for appellants.

Albert V. Ancelet and Ross A. Robinson, both of Capps, Ancelet & Stoverink, of Carthage, for appellee.

PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The Gittings and Mr. Hilton are again in dispute and disagreement over a long-standing easement. (See *Gittings v. Hilton* (1979), 77 Ill. App. 3d 911, 396 N.E.2d 843.) The Gittings have appealed, in the instant case, from the dismissal by the trial court of their amended complaint for declaratory relief against Cecil M. Hilton. Mr. Hilton had filed his motion to dismiss their declaratory action, setting forth the doctrine of *res judicata* as a basis for the dismissal. A previous action between the parties, that resulted in the prior appeal, was set forth as a bar to the instant action.

The issue on appeal is whether the trial court correctly determined that the action should be dismissed, based upon the prior adju-

dication as a bar. We reverse and remand.

The pertinent facts are that Mr. Hilton owns certain property over which the Gittings have a right-of-way easement. At issue in the prior action was whether the Gittings had a fee interest or merely an easement. Also at issue, and the focus of the dispute, were Hilton's rights with respect to the maintenance of two gates across the easement, on the east and west sides of the pasture land. In the prior action the court determined that the Gittings had a right-of-way easement, and also, that the west end gate was not unduly burdensome to the Gittings' right of passage. With respect to the east end gate, the court determined that it was unduly burdensome, but that a free-swinging single gate would not be, and, therefore, could be installed. The court also set forth specifics for giving notice of the intention to use the passageway as well as details for the elevation of the electric fence at the east end of the pasture. The only issue in the prior appeal was whether the court correctly determined that the Gittings held only an easement. (*Gittings v. Hilton* (1979), 77 Ill. App. 3d 911.) We affirmed.

In 1982, the Gittings filed an amended complaint in the instant case asking for declaratory relief concerning the parties' rights with respect to easement property. For purposes of appeal, we take the well-pleaded factual allegations of the complaint as true. It is alleged that, in addition to the east and west end gates, there is a fence on the south side of the right-of-way, but nothing else to prevent straying from the passageway. It is also alleged that Hilton has removed a portion of the fence at the east end of the south side of the right-of-way, thereby creating a passageway to the north from his 50-acre field on the south side of the right-of-way. The Gittings indicate, by way of allegation, their desire to construct a partial fence upon the north side of the easement, with gateways and gates in the west half and the east half of the partial fence. The result sought would be that Hilton would enter his fields through those gates on the north side of the easement. Gittings also state their desire to have the east end gate across their easement, on the north side, removed, so as to permit unobstructive passage for farm implements, trucks, animals and pedestrians throughout the length of the easement. It is also alleged that a dispute has arisen between the parties concerning the Gittings' rights to construct a fence and gates upon the north side of the easement. Relief in the nature of the declaration of the parties' rights concerning the desired actions is sought in the complaint.

As indicated above, the trial court dismissed the amended complaint, based upon Hilton's section 2—619 motion to dismiss, setting

forth the prior action as a bar. Ill. Rev. Stat. 1981, ch. 110, par. 2—619.

There can be no dispute that the instant case involves the same parties as the prior case and the same subject matter is involved. The question is whether this action is upon the same or substantially the same cause of action as the first action. One test utilized to determine the identity of causes of action is whether the underlying facts are identical in both actions or whether the same evidence would sustain both actions. (*Bass v. Scott* (1979), 79 Ill. App. 3d 224, 226, 398 N.E.2d 236, 238; *Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 525, 395 N.E.2d 1143, 1149; *Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968, 971, 426 N.E.2d 337, 339.) It is evident from the pleadings that the evidence and underlying facts necessary to sustain the Gittings position in the declaratory action will address the reasonableness and propriety of their constructing gateways and gates in a partial fence they propose to construct along the north side of the easement. Construing the pleadings liberally in favor of the plaintiff, as we must, this desired action is apparently in partial response to Hilton's action in removing a portion of the fence at the east end of the south side of the right-of-way easement, opening up a passageway to the north. Thus, the facts necessary to support the Gittings position in the declaratory action are distinct from those facts necessary for the determination of the prior suit between the parties. In that action the question was the effect of the burden posed by the existing gates at the east and west ends of the easement. Thus, while the parties are again arguing over the easement, access and gates, the specific substance of this dispute and controversy is different than the previous action. There is no identity of cause of action present, such as to bar the instant action.

The defense argues that the two suits involve "the same underlying cause of action—the plaintiffs' rights in regard to the property." This argument ignores the fact that a cause of action, of necessity, must be grounded in specific facts. In both actions between these parties their rights are at issue. However, the right at issue in the instant action, being plaintiffs' right to erect a partial fence with gates as a result of changes made by the defendant, was not in dispute or issue in the prior action. If we were to accept the defense construction of *res judicata*, then all questions and disputes concerning the rights of the parties relating to the easement, even those future questions arising as a result of changed circumstances, would be foreclosed from judicial resolution. That cannot be.

The decision of the circuit court of Hancock County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

SCOTT and BARRY, JJ., concur.