AGRISERVE, INC., Plaintiff-Appellant, v. ROBERT W. BELDEN, Defendant-Appellee.

Fourth District    No. 4—93—0839

Argued March 23, 1994.—Opinion filed May 13, 1994.

COOK, J., specially concurring.

J. Richard Campbell and Rhonda L. Richards (argued), both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellant.

A. James Shafter (argued) and James E. Peckert, both of Kehart, Shafter, Hughes & Webber, P.C., of Decatur, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On February 16, 1993, plaintiff Agriserve, Inc., filed suit in the circuit court of Macon County against defendant Robert W. Belden alleging that (1) plaintiff was a closely held corporation; (2) on June 2, 1982, defendant became a shareholder, director, officer, and employee of plaintiff; (3) on or about February 1, 1991, defendant became an officer and director of a competing business; and (4) defendant's relationship with the competing business constituted a breach of his fiduciary duty to plaintiff as a shareholder of a closely held corporation. The complaint requested monetary damages and an order on defendant to place his stock "in [a] constructive trust."

Defendant moved to dismiss the complaint on the basis that (1) the complaint failed to state a cause of action because even in a corporation of the nature alleged here, a stockholder owes no duty not to compete with the corporation; and (2) the suit was barred by the *res judicata* effect of a prior judgment in favor of defendant in a prior suit between the parties. On April 5, 1993, the court entered an order dismissing the complaint in bar of action. Plaintiff has appealed. We affirm.

We choose to consider only the issue of *res judicata*. Documents on the face of the record and filed by defendant in support of his motion to dismiss in the instant case show that the prior case between the parties was Macon County case No. 91—L—30. There, plaintiff filed a complaint against defendant on February 1, 1991, alleging, as in the instant case, that defendant was engaging in activities in competition with plaintiff within the same time frame as alleged here.

Thus, the alleged injury in the two cases was the same. However, there the duty which defendant was alleged to have breached arose not merely from being a stockholder but from a written stockholder agreement, binding on all of them, which defendant allegedly orally agreed to abide by. There, the complaint sought an injunction against further competitive activity by defendant and monetary damages. The record shows that, by agreement of the parties, a judgment in bar of action was entered in favor of defendant in that first case.

The latest decision of the supreme court concerning *res judicata* is *Torcasso v. Standard Outdoor Sales, Inc.* (1993), 157 Ill. 2d 484, 490-91, 626 N.E.2d 225, 228-29, where the court set forth the standards we must follow in deciding this case in the following words:

> "Under the doctrine of *res judicata*, a final judgment rendered on the merits by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. (*People v. Kidd* (1947), 398 Ill. 405, 408.) Where there is identity of parties, subject matter, and

cause of action, the doctrine of *res judicata* extends not only to every matter that was actually determined in the prior suit but to every other matter that might have been raised and determined in it. (*Boddiker v. McPartlin* (1942), 379 Ill. 567, 577.) A cause of action consists of a single group of facts giving the plaintiff a right to seek redress for a wrongful act or omission of the defendant. (*Pierog v. H.F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1060-61.) Although a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute but a single cause of action. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 64.) The test generally employed to determine the identity of causes of action for purposes of *res judicata* is whether the evidence needed to sustain the second action would have sustained the first. (*Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 376; *Pierog*, 39 Ill. App. 3d at 1061.) If the same facts are essential to maintain both proceedings or the same evidence is necessary to sustain the two, there is identity between the causes of action asserted, and *res judicata* bars the latter one. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 157.) Identity of the causes of action may be determined from the record as well as from the pleadings in both causes. (*Pierog*, 39 Ill. App. 3d at 1061.) The burden of establishing *res judicata*, or estoppel by judgment (*Pierog*, 39 Ill. App. 3d at 1060), is upon the party invoking it, and to operate as such it must either appear upon the face of the record or be shown by extrinsic evidence that the precise question, or point, was raised in determining the former suit. *City of Geneseo v. Illinois Northern Utilities Co.* (1941), 378 Ill. 506, 512."

As we will explain, we conclude that under the rationale set forth in *Torcasso res judicata* applies here because the issues raised in the second case could have been raised in the first case upon the factual matters before the court at that time. See *Boddiker v. McPartlin* (1942), 379 Ill. 567, 577, 41 N.E.2d 756, 761.

The promotion of judicial economy by prohibiting repetitive litigation is a principal purpose of the *res judicata* rules. (*Pedigo v. Johnson* (1985), 130 Ill. App. 3d 392, 394, 474 N.E.2d 430, 432.) Sections 24 and 25 of the Restatement (Second) of Judgments (Restatement (Second) of Judgments §§ 24, 25 (1982)) adopt a transactional approach to *res judicata* which promotes judicial economy and which would clearly apply the rule here.

Section 24 of the Restatement (Second) of Judgments provides:

"Dimensions of 'Claim' for Purposes of Merger or Bar-General Rule Concerning 'Splitting'

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the *transaction, or series of connected transactions, out of which the action arose.*

(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (Emphasis added.) Restatement (Second) of Judgments § 24, at 196 (1982).

The comment to section 24 states that the section is consistent with modern ideas of procedure. It then explains that earlier courts associated the word "claim" with a single theory of recovery so that a single transaction might give rise to numerous claims for recovery. The comment then explained as follows:

"Thus, defeated in an action based on one theory, the plaintiff might be able to maintain another action based on a different theory, even though both actions were grounded upon the defendant's identical act or connected acts forming a single life-situation. In those earlier days there was also some adherence to a view that associated claim with the assertion of a single primary right as accorded by the substantive law, so that, if it appeared that the defendant had invaded a number of primary rights conceived to be held by the plaintiff, the plaintiff had the same number of claims, even though they all sprang from a unitary occurrence. There was difficulty in knowing which rights were primary and what was their extent, but a primary right and the corresponding claim might turn out to be narrow. Thus it was held by some courts that a judgment for or against the plaintiff in an action for personal injuries did not preclude an action by him for property damage occasioned by the same negligent conduct on the part of the defendant—this deriving from the idea that the right to be free of bodily injury was distinct from the property right. Still another view of claim looked to *sameness of evidence*; a second action was precluded where the evidence to support it was the same as that needed to support the first. Sometimes this was made the sole test of identity of claim; sometimes it figured as a positive but not as a negative test; that is, in certain situations a second action might be precluded although the evidence material to it varied

from that in the first action. Even so, claim was not coterminous with the transaction itself.

*The present trend* is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; *and regardless of the variations in the evidence needed to support the theories or rights.* The transaction is the basis of the litigative unit or entity which may not be split." (Emphasis added.) Restatement (Second) of Judgments § 24, Explanatory Notes, Comment *a*, at 197 (1982).

Section 25 of the Restatement (Second) of Judgments states:

"Exemplifications of General Rule Concerning Splitting

The rule of § 24 *applies to extinguish* a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action

(1) To *present evidence or grounds or theories* of the case not presented in the first action, or

(2) To seek remedies or forms of relief not demanded in the first action." (Emphasis added.) Restatement (Second) of Judgments § 25, at 209 (1982).

The comment to section 25 states, in part, that its purpose is to show how section 24 applies to various situations with three illustrations, as follows:

"1. A brings an action against B, alleging that A was employed by B, that B did not furnish A a safe place to work, and that as a result A suffered personal injuries. After a verdict and judgment for B, A brings a new action for the same injuries alleging other acts of negligence on the part of B, for example, improper instruction by B's foreman. The second action is precluded.

2. A sues B for breach of a contract calling for delivery of certain appliances, alleging as the breach that the appliances did not meet the agreed specifications. After judgment for B, A commences a second action, this time alleging late delivery of the appliances as the breach. The second action is precluded.

3. A brings an action to recover damages for his expulsion from the B society, alleging that his expulsion was wrongful because of want of notice. After judgment for B, A commences a second action to recover damages for the same expulsion, this time alleging that the expulsion was wrongful because he was not given a proper hearing. The second action is precluded." Restatement (Second) of Judgments § 25, Comment *b*, at 210-11 (1982).

Each of the foregoing illustrations is analogous to the case on appeal, and the suggested rulings would support the action of the

trial court here. However, the theory of sections 24 and 25 of the Restatement (Second) of Judgments has never been expressly adopted in Illinois, but the actual ruling in *Torcasso* is not inconsistent with those illustrations. There, a previous suit had been brought by a real estate brokerage firm against a firm owning a billboard seeking the balance of a fee for renting the sign. The sign owners contended that the brokerage contract had been terminated by agreement before the sign had been leased but a judgment was obtained for the brokerage firm. The sign owner then sued the broker for damages resulting from the broker's failure to make a good-faith effort to rent the sign and fraudulently telling a prospective renter the sign had been rented when that was not so.

In *Torcasso*, the supreme court, holding *res judicata* did not apply, reversed the judgment which the circuit court had given the brokerage firm in the second case. The circuit court's theory was that the sign owner should have brought the claim for lack of effort and fraud as a counterclaim in the first action and was barred from doing it later on *res judicata* grounds. The supreme court noted that the lease ultimately obtained for the billboard occurred after the brokerage contract for leasing was allegedly breached by the brokerage firm. Thus, the failure of the brokerage firm to use good faith and the leasing were separate occurrences creating different rights and involving different evidence although some of the evidence would be overlapping. The supreme court concluded that the nexus between the two episodes was too slight to give the first decision a *res judicata* effect on the second case.

Here, plaintiff's theory of recovery in the first case differs slightly from that alleged in the second case. However, the allegations in the first case included allegations that plaintiff was a corporation and defendant its shareholder. Documents supporting plaintiff's complaint indicated that the corporation was a small one and that defendant would be an officer and employee of the business. These factors are the basis upon which plaintiff claims that the stockholder's duty not to compete arose. (See *Hagshenas v. Gaylord* (1990), 199 Ill. App. 3d 60, 557 N.E.2d 316.) Thus, the substantial facts of plaintiff's second complaint were before the court at the time of the first complaint. Plaintiff merely failed, in the first case, to raise the question of whether, in addition to any duty not to compete which was imposed on defendant by a stockholder's agreement, he was also under a duty not to compete because he was a shareholder.

Our decision here is consistent with and supported by that in *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278. There, the appellate court upheld the trial court's dismissal of that plaintiff's present complaint on the basis of *res judicata*. In *Morris*,

plaintiffs filed an initial complaint seeking to rescind an instrument consolidating numerous gas and oil leases as it related to their alleged mineral estate in addition to injunctive relief and monetary damages. That suit was dismissed on the merits, which was affirmed on appeal. Subsequently, plaintiffs filed a second suit seeking to quiet title of their alleged mineral estate and to rescind any leasehold interests held by the defendants. In determining that both suits involved the same facts, the same instrument of title, same lease agreement, and same acts of the defendants, and thus were the same cause of action, the *Morris* court stated as follows:

"Thus a cause of action consists of a single core of operative facts which give[s] the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and *res judicata* bars the latter action." *Morris*, 96 Ill. App. 3d at 157, 421 N.E.2d at 285.

Defendant's position here is also supported by *Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 443 N.E.2d 670, and *Bass v. Scott* (1979), 79 Ill. App. 3d 224, 398 N.E.2d 236, where in subsequent cases between the same parties, one of the parties was prevented by *res judicata* from raising a theory of recovery or defense which could have been raised under the evidence in the prior case.

Plaintiff points out that in *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 444 N.E.2d 205, this court refused to apply the theory of *res judicata* in a case brought by a tenant against a landlord where two counts sought an injunction against the landlord preventing him from taking possession of the realty and two other counts were for money damages for breach of the lease. However, there the tenant had brought all of the charges in the same complaint but in different counts. The counts for money damages were dismissed in bar of action and, although appeal was permitted, none was taken. The landlord then sought to use the unappealed judgment as a bar to the other counts. The theory that the plaintiff there should have been barred from seeking the injunctive relief for failure to request it in the complaint would seem to be inapplicable when, in fact, the plaintiff did raise the issue in the complaint. *Res judicata* was denied there because the damage counts could have been decided on a matter which was not in issue in the counts seeking injunction.

The case of *Chas. Todd Uniform Rental Service Co. v. Klysce* (1961), 30 Ill. App. 2d 274, 174 N.E.2d 570, has some similarity to the

instant case. The appellate court reversed an order dismissing, on *res judicata* grounds, a suit brought by a former employer of an employee against the employee's new employer seeking monetary damages for the tort of enticement. The bar of *res judicata* was sought because of an earlier decree in bar of action in a chancery suit brought by the same plaintiff seeking to enjoin the new employer and the new employee from proceeding with the new employment because of a noncompetition provision in the contract between the employee and the plaintiff, the first employer. The stated reasons for the decision were that (1) section 44 of the then Civil Practice Act (Ill. Rev. Stat. 1959, ch. 110, par. 44), concerning joinder, did not require the joining of the request for an injunction and the request for damages on a different theory; and (2) the then "substantial distinctions between law and equity." (*Todd*, 30 Ill. App. 2d at 280, 174 N.E.2d at 573.) The difference between the two suits there was greater than here and the distinctions between law and equity have greatly narrowed in the nearly one-third of a century which has elapsed since *Todd* was decided.

This case clearly differs from *Kahler v. Don E. Williams Co.* (1978), 59 Ill. App. 3d 716, 375 N.E.2d 1034. There, an employee sued his employer for unpaid commissions earned while he was working under a contract prescribing that method of compensation. A prior judgment by the employee against the employer in a small claims proceeding was held not to have *res judicata* effect where the employee sought compensation and expenses accrued while he was earlier working under a contract providing for a salary. This case also differs from *Carey v. Neal, Cortina & Associates* (1991), 216 Ill. App. 3d 51, 576 N.E.2d 220, where failure of a purchaser of real estate to raise fraud in the sale as an affirmative defense to an action by the seller to foreclose a purchase money mortgage did not bar a subsequent suit by the purchaser against the seller for fraud as the failure to pay the debt on the mortgage and the fraud involved separate causes of action. Notably, the *Carey* court relied upon section 22 of the Restatement (Second) of Judgments (see Restatement (Second) of Judgments § 22 (1982)). As we have indicated, sections 24 and 25 of that treatise would support application of *res judicata* in the case on appeal.

Finally, we come to *Gittings v. Hilton* (1984), 124 Ill. App. 3d 594, 464 N.E.2d 839, and *Foreman v. Martin* (1975), 26 Ill. App. 3d 1028, 325 N.E.2d 378, both relied upon by plaintiff. In *Gittings*, a prior case between the same parties determined the plaintiff's rights in an easement in regard to two gates at the ends of the easement. The second suit sought a declaration as to the right of the plaintiff to

build a fence along the easement because the defendant had removed a fence nearby. The opinion seems to indicate that conditions had changed since the first case. Thus, separate rights concerning separate evidence were involved. In *Foreman*, the plaintiff initiated an action seeking a declaration of his rights in a cashier's check payable to defendant and an injunction against the check being cashed. The circuit court issued an injunction against cashing the check. On appeal, the appellate court reversed the injunction but did not consider other issues raised and remanded. (*Foreman v. Martin* (1972), 6 Ill. App. 3d 599, 286 N.E.2d 80.) The plaintiff amended the complaint to seek damages and brought a separate action in that respect. The circuit court dismissed both complaints on *res judicata* grounds. The appellate court reversed and remanded with directions to reinstate the complaint. The thrust of the decision was that the appellate court's remand without considering other matters beyond the propriety of the injunction precluded any *res judicata* effect upon issues raised but not ruled upon.

Although not cited by either party, we consider the situation in *Pratt v. Baker* (1967), 79 Ill. App. 2d 479, 223 N.E.2d 865, is very similar to that here and the opinion is persuasive. There, a judgment was given *res judicata* effect when the allegations of the complaint in the second case differed slightly from the breach of duty alleged in the first complaint. The conservator of an estate brought suit against the executor of an estate in which the incompetent ward had an interest seeking recovery for improper actions of the executor in regard to the ward. A previous suit by the conservator against the executor had been dismissed in bar of action for failure to state a cause of action. That complaint had not included claims of tort and fraud. The court stated:

"The fact that the plaintiff in the present suit, has added two additional theories of recovery—'common law tort' and fraud—to the bond theory upon which the second suit was based, is not material. The parties were the same in each suit, and each count or theory of the second suit, is bottomed on the same duties allegedly owed by defendant—duties which were the basis for the recovery in the second suit. The question of what rights, if any, arose from such alleged duties, was adjudicated in the prior suit. That determination is conclusive upon us. The People v. Harrison, 253 Ill[.] 625, 628, 97 N[.]E[.] 1092 (1912); Godschalck v. Weber, 247 Ill[.] 269, 274, 275, 93 N[.]E[.] 241 (1910); Chas. Ind[.] Co. v. Cecil B. Wood, Inc., 56 Ill[.] App[.] 2d 30, 36, 205 N[.]E[.]2d 786 (1965); Franciscy v. Jordan, 43 Ill[.] App[.] 2d 344, 351, 357, 193 N[.]E[.]2d 219 (1963); Life Printing & Publishing Co., Inc. v. Marshall Field, [327 Ill. App. 486,] 490[, 64 N.E.2d 383]."

The law affords every man his day in court along with the opportunity to present his case on the issues involved; and it requires that he bring forth all grounds of recovery or defense which he may then have. 'It is of first importance both in the observance of private rights and the public good that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive upon the parties, subject only to proceedings in a court of review.' Winkelman v. Winkelman, 310 Ill[.] 568, 573, 142 N[.]E[.] 173[, 175] (1924)." *Pratt*, 79 Ill. App. 2d at 484-85, 223 N.E.2d at 868.

We recognize the complexities of the doctrine of *res judicata* and the somewhat different application that has been made of the standard language of the cases summarized in *Torcasso*. We agree with the *Pratt* court that slight variation in the factual allegations should not negate the requirements that a plaintiff present in its first case all his or her theories of recovery or forfeit the right to later bring them. Sections 24 and 25 of the Restatement (Second) of Judgments go much further in this respect and we see merit in such a rule. In any event, we deem our holding here is consistent with existing precedent in this State.

Accordingly, we affirm the judgment on appeal dismissing the complaint in bar of action.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE COOK, specially concurring:

As a matter of judicial economy, if parties can file their claims in a single action they should be forced to do so, unless the claims are diverse and it would be inconvenient to try them as a unit. Only those claims which are part of the same cause of action must be joined. How "cause of action" is defined is therefore a major factor in determining what claims must be made a part of the original lawsuit.

Illinois courts have employed two tests for determining whether causes of action are the same, (1) the "same evidence" test, and (2) the "transactional approach," which is concerned not with theories or relief sought but with whether a "single group of operative facts give[s] rise to the assertion of relief." (*Rodgers v. St. Mary's Hospital* (1992), 149 Ill. 2d 302, 312, 597 N.E.2d 616, 621.) A number of decisions have mistakenly indicated the two tests are the same: "Causes of action are identical where the evidence necessary to sustain a second verdict would sustain the first, *i.e.*, where the causes of action

are based upon a common core of operative facts." *Redfern*, 111 Ill. App. 3d at 376, 444 N.E.2d at 208, citing *Morris*, 96 Ill. App. 3d 148, 421 N.E.2d 278 (same evidence test mentioned as an alternative test); see also *In re Energy Cooperative, Inc.* (7th Cir. 1987), 814 F.2d 1226, 1230-31 (refusing to apply the same evidence test).

The confusion may stem from the fact that the Restatement (Second) of Judgments employed the same evidence test until 1982, when it adopted the transactional test. (4 R. Michael, Illinois Practice § 41.5, at 315 (1989) (Civil Procedure Before Trial).) The Restatement (Second) of Judgments abandoned the same evidence test because it was inadequate. Where a single group of operative facts gives rise to different theories, the evidence presented in support of those theories will necessarily be somewhat different, but that is no justification for separate actions. Restatement (Second) of Judgments § 24, Comment *a* (1982).

Although *Torcasso* cites *Redfern* and the same evidence test, it is clear that *Torcasso* intended to prevent successive litigation based on different theories of recovery or requests for relief where a single group of operative facts is involved. (*Torcasso*, 157 Ill. 2d at 491, 626 N.E.2d at 228.) It may be that courts are often able to reach the same result under both the transactional and same evidence tests. (*Rodgers*, 149 Ill. 2d at 312, 597 N.E.2d at 621; see 4 R. Michael, Illinois Practice § 41.5, at 312-15 (1989) (Civil Procedure Before Trial).) Nevertheless, it is not accurate to equate the two tests, and use of the same evidence test to determine whether separate causes of action exist results in confusion. We should make it clear that the test for determining whether separate causes of action are involved is the single group of operative facts test; and that the same evidence test is a separate test, no longer to be applied.