No. 1-94-1189

JAY ZABEL, )
 )
 Plaintiff/Appellant/ ) Appeal from the Circuit
 Cross-Appellee, ) Court of Cook County.
 )
 v. )
 ) 93 CH 1287
MARTIN COHN, MARTIN COHN AND )
ASSOCIATES, MARTIN COHN AND )
ASSOCIATES, LTD., ) Honorable Edwin M.
 ) Berman, Judge Presiding.
 Defendants/Appellees/ )
 Cross-Appellants. )

 JUSTICE GORDON delivered the opinion of the court:

 Plaintiff, Jay Zabel, instituted the instant action against
defendants, Martin Cohn and Martin Cohn and Associates, Ltd.,
seeking to recover monies due him as a past employee of the Cohn
law firm. Pursuant to the defendants' motions, the trial court
dismissed counts I, II and III of plaintiff's complaint on res
judicata grounds and granted summary judgment on count IV. The
plaintiff appeals the dismissal of his complaint and the denial
of his motion to reconsider; and the defendants cross-appeal from
the trial court's denial of their motion for sanctions.
 The issues raised in this appeal are whether plaintiff's
complaint was properly dismissed based upon res judicata
principles and whether the trial court erred in denying
defendants' motion for sanctions.
 The facts relative to the dismissal of the plaintiff's
complaint are as follows. In 1987, Zabel and Cohn began
practicing law together under the name of Martin Cohn and
Associates, Ltd. In December 1990, Zabel left the Cohn law firm
and shortly thereafter filed a four-count complaint against
Martin Cohn and Martin Cohn and Associates, Ltd. seeking damages
for tortious interference with business relations, libel and
slander. A fourth count, which is the count relevant to the
instant appeal, alleged the existence of a de facto corporation
and sought the appointment of a receiver, distribution of the
assets and recovery of client files. As to that count, the
defendants denied the existence of a partnership and argued that
Zabel was an employee. Thereafter, the parties agreed to have
"all matters in controversy" resolved by binding arbitration
before former judge, Robert L. Sklodowski. The trial judge,
Judge Monica Reynolds, retained jurisdiction solely for the
purpose of entering judgment on the arbitrator's decision and
award.
 On February 28, 1992, after hearing evidence and reviewing
the submissions of the parties, Sklodowski rendered a decision
and award in favor of the Cohn defendants finding, inter alia,
that a partnership did not exist between Cohn and Zabel and that
Zabel was an employee of Martin Cohn and Associates, Ltd. The
arbitrator specifically found that:
 "(1) there is no probative written documentation to
 indicate that these experienced attorneys agreed to
 carry on the business of a law relationship; (2)
 corporate tax returns were filed for the Firm for the
 years 1987, 1988 and 1989, showing Mr. Cohn as the sole
 shareholder of the Firm ***; (7) Zabel received a W-2
 form for the full amount of his salary."
 The arbitrator also found:
 "[T]he evidence does not show that profits were split
 here. Zabel received additional income every year, but
 it is clear that what he received was compensation or
 wages in the form of a bonus."
 The arbitrator determined that Zabel was not entitled to any
assets of Martin Cohn & Associates, Ltd. He also determined that
Zabel and Cohn were to share equally in any net fee collected on
one pending personal injury case.
 On March 6, 1992, Zabel requested that Sklodowski issue a
supplemental decision and award regarding certain wages and other
items he alleged were due him as a result of the arbitrator's
ruling that he was an employee. Those items were: $2,500 that
Zabel alleged he advanced for the defense of a case being handled
by the Cohn law firm; $5,500 in salary due Zabel for the month of
December, 1986 (Zabel had earlier alleged this amount to be a
capital contribution to the partnership); and the return of
certain documents that Zabel had prepared while at the Cohn firm. 
The Cohn defendants filed a response. On March 20, 1992,
Sklodowski entered a supplemental decision and award which
stated, inter alia:
 "On March 6, 1992 the plaintiff's attorney requested a
 supplemental decision on four issues that were not
 addressed in my initial decision.
 [T]he items now at issue were never really
 addressed by the parties. The main arguments proffered
 by the parties focused on whether or not Cohn and Zabel
 were partners and if so, what was the value of the
 partnership's assets. I find no mention in the
 plaintiff's initial memoranda concerning any of the
 four items now in issue. Nevertheless, in order to
 once and for all conclude this dispute and bring
 finality to this case, I am rendering a supplemental
 decision. Upon review of the memoranda as well as my
 notes on the exhibits, I make the following findings.
 ***
 B. The second issue concerns a claim for wages
 for the month of December, 1986, over five years ago. 
 Mr. Cohn has denied any liability for additional salary
 to Mr. Zabel. I find there is no obligation to pay
 compensation in the form of salary to Mr. Zabel for the
 month of December, 1986."
 The arbitrator also denied Zabel's request for reimbursement of
the $2,500 that Zabel alleged he advanced on a case the Cohn firm
was defending, finding that the advance was "voluntarily made by
[Zabel] as an individual undertaking with [the client]," and
denied Zabel's request for documentation, finding that the
program involved was an asset of the Cohn law firm. 
 On April 1, 1992, Zabel filed a wage claim with the Illinois
Department of Labor seeking to recover wages allegedly owed him
by Martin Cohn and Martin Cohn & Associates, Ltd. See 820 ILCS
115/1 et seq. (West 1992). The claim sought the recovery of
"deferred salary" payments for the years of 1987 and 1988
totalling $37,726 and $22,726 (rounded to the nearest dollar),
respectively, and a "bonus" payment totalling $136,691 for the
year of 1990.
 On July 15, 1992, pursuant to an agreed order, Judge
Reynolds entered judgment on the arbitrator's decision and award
and supplemental decision and award. That order provided,
however, that:
 "it is ordered that the finding in paragraph B of the
 Supplemental Award shall not bind the Illinois
 Department of Labor in the Wage Claim proceedings
 initiated by Mr. Zabel and now pending."
 On January 4, 1993, the Department of Labor dismissed
Zabel's wage claim, finding that the claim had not been timely
filed and because the claim "was subject to mandatory, binding
arbitration." The Department advised Zabel that its decision did
"not preclude [Zabel] from seeking any other remedy available at
law." On April 28, 1993, the Department denied Zabel's request
for review or reconsideration.
 On June 10, 1993, Zabel filed a second complaint against the
Cohn defendants. That complaint, which is the subject of the
instant proceedings, alleged termination of an employment
relationship that existed between 1987 and 1990. Count I of the
complaint sought recovery of the reasonable value of Zabel's
services during the years of 1987 through 1990 in the amounts of
$103,715; $65,650; $53,714; and $53,880 (rounded to the nearest
dollar), respectively, based upon the theory of quantum meruit;
and counts II and III sought recovery of unpaid profits during
the years of 1987 through 1990 totalling $192,634 based upon
theories of breach of contract (count II) and unjust enrichment
(count III). Zabel subsequently amended that complaint adding a
fourth count which sought administrative review of the Department
of Labor's dismissal of his wage claim. As noted above, the
trial court dismissed counts I, II, and III based upon res
judicata grounds and granted summary judgment in favor of the
Cohn defendants on count IV. The trial court also denied Zabel's
motion to reconsider.
I. Plaintiff's Appeal - Res Judicata Dismissal
 On appeal, the plaintiff makes two arguments relative to the
dismissal of his amended complaint based upon res judicata
principles. The plaintiff argues that res judicata principles do
not apply because the second action seeks wages and remuneration
based upon an alleged employment relationship whereas the prior
litigation sought recovery based upon the existence of a de facto
partnership relationship. He also argues that res judicata
principles do not apply to his second action because the judgment
in the prior action specifically excepted his wage claim.
 The doctrine of res judicata provides that a final judgment
on the merits is conclusive as to the rights of the parties, and
constitutes an absolute bar to a subsequent action involving the
same claim, demand or cause of action. Torcasso v. Standard
Outdoor Sales, Inc., 157 Ill. 2d 484, 626 N.E.2d 225 (1993). As
stated in Rodgers v. St. Mary's Hospital, 149 Ill. 2d 302, 312,
597 N.E.2d 616, 621 (1992):
 "To determine whether causes of action are the same for
 res judicata purposes, Illinois courts have adopted two
 tests. [Citations.] The first is called the 'same
 evidence' test. Under that test, res judicata bars a
 second suit if the evidence needed to sustain the
 second suit would have sustained the first, or if the
 same facts were essential to maintain both actions. 
 [Citations.] The second test is the 'transactional'
 approach, which considers whether both suits arise from
 the same transaction, incident, or factual situation. 
 The transactional approach provides that '"the
 assertion of different kinds of theories of relief
 still constitutes a single cause of action if a single
 group of operative facts give rise to the assertion of
 relief."' Citations."
 Where there is identity of parties, subject matter and cause of
action, the doctrine of res judicata extends not only to every
matter that was actually determined in the prior suit but to
every other matter that might have been raised and determined in
it. Torcasso v. Standard Outdoor Sales, Inc.; Schnitzer v.
O'Connor, 274 Ill. App. 3d 314, 653 N.E.2d 825 (1995). The
burden of establishing res judicata is upon the party invoking
it. Torcasso v. Standard Outdoor Sales, Inc.; Agriserve, Inc. v.
Belden, 268 Ill. App. 3d 828, 643 N.E.2d 1193 (1994).
 Our review of the pleadings and submissions of the parties,
which is de novo, requires a conclusion that the instant lawsuit
is barred under the "transactional" res judicata approach. See,
e.g., Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.
2d 112, 619 N.E.2d 732 (1993); Spillyards v. Abboud, 278 Ill.
App. 3d 663, 662 N.E.2d 1358 (1996) (appellate review of
involuntary dismissal order pursuant to section 2-619 of the Code
of Civil Procedure (735 ILCS 5/2-619 (West 1994)) is de novo). 
Both lawsuits filed by the plaintiff against the same two
defendants arise from the same transaction, incident, or factual
situation, the work relationship that existed between the parties
during the years 1987 through 1990. The first lawsuit alleged a
right to recovery based upon the existence of a partnership
relationship whereas the latter lawsuit alleged a right to
recovery based upon an employer/employee relationship. 
Basically, the lawsuits assert different theories of recovery but
request relief for what is in effect the same injury,
insufficient remuneration. As the assertion of different
theories still constitutes a single cause of action, res judicata
extends to bar the subsequent action. Torcasso v. Standard
Outdoor Sales, Inc.; Rodgers v. St. Mary's Hospital of Decatur;
Schnitzer v. O'Connor.
 On appeal, the plaintiff does not dispute the conclusion
that the same transaction or factual situation is involved in
both of his lawsuits. Instead, in reliance on Torcasso v.
Standard Outdoor Sales, Inc., the plaintiff argues that the
Illinois Supreme Court has "signaled its reluctance" to follow
the "transactional" test for res judicata. The plaintiff further
argues that, under the "same evidence" test applied in Torcasso,
his second lawsuit should not have been barred because the
evidence needed to sustain the partnership theory in his first
lawsuit differs from the evidence needed to sustain theories of
breach of employment contract, quantum meruit and unjust
enrichment presented in his second lawsuit.
 In Torcasso, the prior lawsuit, brought by Standard Outdoor
Sales, Inc. (Standard), the defendant in the subsequent lawsuit,
sought recovery of a commission due under the terms of a
brokerage contract Standard had with Torcasso, the plaintiff in
the latter lawsuit. The evidence in the prior lawsuit showed
that Standard had obtained a lessee for Torcasso's property for
the period beginning October 1985; and judgment was entered in
favor of Standard. In the subsequent lawsuit, brought by
Torcasso against Standard, Torcasso alleged that Standard had
breached the brokerage contract by failing to procure a lessee
for the period of July 1984 through March 1985 and that Standard
had made fraudulent misrepresentations to Torcasso during the
month of June 1984. The trial and appellate courts found that
Torcasso's subsequent lawsuit was barred on the basis of res
judicata. The supreme court reversed, finding that while some
facts overlapped between the two lawsuits, namely, proof of the
brokerage agreement, the evidence required to sustain each of the
lawsuits was substantially different. According to the court,
the July 1985 lease essential to maintain Standard's claim was
irrelevant to either of Torcasso's claims; and Torcasso's
affirmative defense in the prior lawsuit, that the parties had
terminated the brokerage agreement on or about October 1984, had
no inherent nexus to the claims Toracasso presented in the
subsequent lawsuit.
 In Torcasso, the supreme court applied the "same evidence"
test because that was the only test relevant to the facts of that
case. Although not discussed in Torcasso, the "transactional"
test was not applicable because the two lawsuits involved
different incidents and factual situations. The first lawsuit
involved the broker's right to a commission for having leased the
owner's property for the period beginning October 1985. The
second lawsuit involved the owner's right to recover for the
broker's failure to procure a lessee for the period of July 1984
to March 1985 and for the broker's fraudulent representation in
June 1984 that it had obtained a lessee. Although the same
brokerage agreement applied in both actions, the transactions and
time periods were different. All other facts required to prove
the first cause of action had no applicability to the proofs
necessary for the second cause of action.
 Contrary to plaintiff's assertions, the Torcasso court did
not indicate any "reluctance" toward applying the "transactional"
test for res judicata. In fact the court implicitly acknowledged
that test as indicated in the following passage from Torcasso:
 "Although a single group of operative facts may give
 rise to the assertion of more than one kind of relief
 or more than one theory of recovery, assertions of
 different kinds of theories of relief arising out of a
 single group of operative facts constitute but a single
 cause of action. [Citation.]" 157 Ill. 2d at 491, 626
 N.E.2d at 228.
 See generally Restatement (Second) of Judgments 24 (1982)
(discussing transactional approach to res judicata). This
identical language was used by the supreme court to explain the
"transactional" test in its earlier opinion in Rodgers v. St.
Mary's Hospital of Decatur, quoted above. Although the Torcasso
court did not use the phrase "transactional test" in its opinion,
it can hardly be said that the court abandoned that test since it
acknowledged in that decision that a party is barred by the
doctrine of res judicata from asserting different theories of
relief in several actions when those theories arise from the same
transaction or single group of operative facts. Thus, the
transactional or "single core of operative facts" test remains
viable in Illinois. See, e.g., Schnitzer v. O'Connor; Agriserve,
Inc. v. Belden.
 Moreover, notwithstanding our determination that plaintiff's
second lawsuit is barred under the "transational" test for res
judicata, it would appear that even under the "same evidence"
test applied in Torcasso plaintiff's subsequent lawsuit would be
barred. Strong argument can be made that under the "same
evidence" rule, if evidence required to prove the subsequent
action was necessary to prove the plaintiff's case or the
defendant's defense in the earlier action, the subsequent action
is barred. Cf. Torcasso v. Standard Outdoor Sales, Inc. (record
fails to establish that evidence relevant to subsequent action
had any relevance to earlier action including that of proving
affirmative defense in earlier action). Here, while evidence of
an employment relationship was irrelevant to Zabel's partnership
theory of recovery in his first lawsuit, evidence of that
employment relationship was nevertheless relevant in the earlier
action because it proved the Cohn defendants' defense and
disproved Zabel's case. Moreover, in the earlier proceeding,
once the arbitrator issued its decision and award finding that
Zabel was an employee and not a partner, Zabel submitted
correspondence to the arbitrator and sought the entry of a
supplemental decision regarding some of his rights to
remuneration as an employee; and the arbitrator made supplemental
findings regarding Zabel's subsequent submissions. Thus,
evidence of plaintiff's status as an employee and of his
entitlement to compensation as an employee was relevant to both
lawsuits filed by the plaintiff. In any event, however, for the
reasons stated above, there is no question that plaintiff's
second lawsuit was barred by the "transactional" test for res
judicata.
 The plaintiff next argues that the doctrine of res judicata
does not apply in the case at bar because the judgment in the
prior action specifically excepted his wage claim. In support,
the plaintiff cites to the agreed order entered by the trial
judge in the prior action which entered judgment on the
arbitrator's decision and award and supplemental decision and
award but which also stated:
 "it is ordered that the finding in paragraph B of the
 Supplemental Award shall not bind the Illinois
 Department of Labor in the Wage Claim proceedings
 initiated by Mr. Zabel and now pending."
 We disagree with plaintiff's contention. The Department of
Labor has no binding adjudicatory power and can only investigate
wage claims and "attempt equitably to adjust controversies
between employees and employers." 820 ILCS 115/11(a) (West
1992). Actual liability, if contested, must be determined by the
trial court on a de novo basis; and the employee, as the
plaintiff, has the burden of proving that liability anew. Miller
v. J.M. Jones, Co., 198 Ill. App. 3d 151, 555 N.E.2d 820 (1990);
see Rekhi v. Wildwood Enterprises, Inc., 219 Ill. App. 3d 312,
579 N.E.2d 1189 (1991) (Department of Labor proceedings are not
judicial in nature and have no preclusive effect in subsequent
civil or criminal litigation). While we recognize that the
inclusion of the deferential language to the Department of Labor
proceedings in the agreed order entered in Zabel's earlier
lawsuit may have been the product of misapprehension by the
parties as to the role of the Department of Labor in the
processing of wage claims, the Department's function nonetheless
remains only investigatory. Since the Department has limited
functioning in the resolution of wage claims, the deferential
language in the agreed order does nothing more than permit
continuance of the Department's investigatory function but does
not purport to permit any adjudicatory procedures to carry
forward. In fact, the Department of Labor, aware that it lacked
adjudicatory powers, subsequently declined to investigate Zabel's
wage claims because they were untimely filed and because they
were the subject of binding arbitration. Thus, the excepting
language in the agreed order, while purporting to defer to the
Department of Labor's investigatory powers, does not purport to
broadly give Zabel a second opportunity to adjudicate his claims
against the Cohn defendants in a court of law.
 By the same token, strong argument can be made that even if
the Department had adjudicatory functions as well, to the extent
that it chose to terminate the proceedings pursuant to its own
internal policies, the deference extended to those proceedings
under the agreed order was fully satisified. In that sense, it
can be argued that the agreed order did not purport to eliminate
the defense of res judicata in its entirety but only to the
extent that it would preclude the proceedings with the Department
of Labor. Upon the termination of those proceedings, the impact
of the res judicata doctrine resumes.
 Here, as previously discussed, the plaintiff, by filing his
first complaint, chose to litigate his entitlement to
remuneration based upon his work relationship with the
defendants. The plaintiff sought that remuneration based upon an
alleged partnership relationship and chose not to alternatively
plead the existence of an employer-employee relationship even
though the same single group of operative facts were relevant to
both theories. Notwithstanding plaintiff's failure to
alternatively plead, after the arbitrator found the existence of
an employer-employee relationship, the plaintiff submitted
additional issues to the arbitrator, based upon the finding of an
employment relationship, including a wage claim for the month of
December 1986. The arbitrator ruled on those issues in a
supplemental decision and award.
 Plaintiff's subsequent lawsuit, which is the subject of the
instant appeal, is nothing more than another attempt at recovery
for alleged unpaid salaries and bonuses not sought in the
previous lawsuit but which are based upon the same work
relationship that was the subject of the prior lawsuit. Where
there is identity of parties, subject matter, and cause of
action, and where that cause of action arises out of a single
group of operative facts that can give rise to the assertion of
more than one theory of recovery, the doctrine of res judicata
extends to bar every matter that was actually determined in the
prior suit and to every matter that might have been raised and
determined. E.g., Torcasso v. Standard Outdoor Sales, Inc.;
Agriserve, Inc. v. Belden. As quoted in Agriserve, Inc. v.
Belden:
 "'The law affords every man his day in court along with
 the opportunity to present his case on the issues
 involved; and it requires that he bring forth all
 grounds of recovery or defense which me may then have. 
 "It is of first importance both in the observance of
 private rights and the public good that a question once
 adjudicated by a court of competent jurisdiction shall
 be considered as finally settled and conclusive upon
 the parties, subject only to proceedings in a court of
 review." Winkelman v. Winkelman, 310 Ill[.] 568, 573,
 142 N[.]E[.] 173 [,175] (1924).' Pratt [v. Baker], 79
 Ill. App. 2d [479], 484-85, 223 N.E.2d [865,] 868
 [(1967)]." Agriserve, Inc., 268 Ill. App. 3d at 837,
 643 N.E.2d at 1199.
 II. Defendants' Cross-Appeal - Motion for Sanctions
 On November 12, 1993, one month after the trial court denied
plaintiff's motion to reconsider the res judicata dismissal
order, the defendants filed a motion for sanctions against the
plaintiff and plaintiff's counsel. The defendants alleged in
their motion that the plaintiff had filed "a number of meritless
claims against Cohn;" "filed baseless motions to reconsider
and/or objections to each ruling in favor of Cohn;" that "the
intent of plaintiff [was] to harass Cohn;" and that the
plaintiff, through his attorney, was "instrumental in persuading
Cohn's former clients to file A.R.D.C. complaints against Cohn,
none of which have been well founded." At the hearing on the
motion for sanctions, the trial court indicated a reluctance to
impose sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d
R. 137). The court also indicated that, if there was a basis for
the plaintiff's actions, sanctions would not be warranted even
"if somebody is trying to harass somebody." After taking the
matter under advisement, the trial court issued its order denying
defendants' motion for sanctions.
 Supreme Court Rule 137 authorizes the court to impose
sanctions upon a party and/or his attorney for filing a pleading,
motion or other paper that is not well grounded in fact and
warranted by existing law or which has been interposed for an
improper purpose such as to harass or cause unnecessary delay or
needless increase in the cost of litigation. 134 Ill. 2d R. 137;
In re Marriage of Adler, 271 Ill. App. 3d 469, 648 N.E.2d 953
(1995); Bulatovic v Dobritchanin, 252 Ill. App. 3d 122, 625
N.E.2d 26 (1993). The purpose of this rule is not to penalize
litigants merely because they were unsuccessful in the
litigation. Bennett & Kahnweiler, Inc. v. American National Bank
& Trust Co., 256 Ill. App. 3d 1002, 628 N.E.2d 426 (1993). The
party requesting sanctions is obligated to show that the opposing
party made assertions of fact which were untrue and were made
without reasonable cause. In re Estate of Hoover, 155 Ill. 2d
402, 615 N.E.2d 736 (1993). The determination to grant or deny a
motion for sanctions is within the discretion of the trial court
whose decision is entitled to great weight and will not be
disturbed on review unless there has been an abuse of that
discretion. E.g., Scott Wetzel Services v. Regard, 271 Ill. App.
3d 478, 648 N.E.2d 1020 (1995); Bennett v. Kahnweiler, Inc. v.
American National Bank & Trust Co.
 In support of their argument that the trial court erred in
denying the motion for sanctions, the defendants cite two cases,
Singer v. Brookman, 217 Ill. App. 3d 870, 578 N.E.2d 1 (1991),
and Mentzer v. Dudley, 236 Ill. App. 3d 726, 602 N.E.2d 934
(1992), wherein the trial courts awarded sanctions. In Singer,
the trial court imposed sanctions because the plaintiffs sought
to retry issues in litigation against their mother that they knew
had previously been raised by their father through representation
by the same counsel despite being warned by the trial judge in
the earlier action that the subsequent action might be barred by
res judicata. The trial court found that the only conceivable
basis for the subsequent action was to waste the court's time,
generate legal fees, and harass the defendant. Similarly, in
Mentzer, the trial court imposed sanctions against the plaintiff
who presented no testimony or evidence to support the theory of
liability alleged in his complaint. The court found that the
plaintiff had acted solely for the purpose of harassing the
defendant as evidenced by several undisputed acts of
maliciousness.
 The cases cited by the defendants are distinguishable from
the case at bar because in those cases the trial courts granted
the motions for sanctions and those rulings were affirmed on
appeal. Here, the trial court denied the motion for sanctions. 
As noted above, great deference is given to the trial court's
ruling on a motion for sanctions and that ruling will not be
reversed on appeal absent an abuse of discretion. Based upon our
review of the record, we find no such abuse. It is evident from
the record that both parties and their counsel were litigious in
their filings of motions, responses, objections and replies. 
That the plaintiff was unsuccessful in defending against
defendants' motion to dismiss on res judicata grounds and in
presenting various motions is not grounds for the imposition of
sanctions. See Bennett & Kahnweiler, Inc. v. American National
Bank & Trust Co. (the purpose Rule 137 is not to penalize
litigants merely because they were unsuccessful). The party
requesting sanctions is obligated to show that the plaintiff's
cause of action was frivolous. See Bennett & Kahnweiler, Inc. v.
American National Bank & Trust Co. The trial court was presented
with plaintiff's theory and the facts to support that theory. 
The court, by denying the motion for sanctions, determined that
plaintiff's second lawsuit was not baseless or presented in bad
faith. Notwithstanding defendants' argument to the contrary, the
res judicata issue was not free from doubt. A reasonable
question existed as to the effect of the earlier judgment, which
as discussed above, excluded, albeit erroneously, plaintiff's
wage claim pending before the Department of Labor. We also
cannot say that the plaintiff was motivated solely for the
purpose of harassing the defendants. Thus, the trial court's
denial of defendants' motion for sanctions was not an abuse of
discretion. See Mendelson v. Ben A. Borenstein & Co., 240 Ill.
App. 3d 605, 608 N.E.2d 187 (1992) (affirming trial court's
denial of sanctions where plaintiff's theory of recovery
unsupported by law or facts).
 For the foregoing reasons, the judgment of the Circuit Court
of Cook County is affirmed.
 Affirmed.
 McNULTY, P.J., and HOURIHANE, J., concur.